# Fowler v. The State.

## Indictment for Larceny.

1. *Larceny; proof of corpus delicti.*—On trial for the larceny of an ox, the property of P., the latter was properly permitted to testify that, after the ox was missed, he was shown some horns; that they were the horns of the ox that he lost; and to state how he identified them, as such testimony, in connection with the other evidence, tended to prove the *corpus delicti.*

2. *Same; ownership.*—The ownership of stolen property is properly laid in the person in possession at the time of the larceny, either as a conditional purchaser or bailee.

3. *Charge assuming fact not in proof.*—Where there was evidence that the horns of P.'s ox, which had been butchered near S.'s house, were seen in possession of a person who had gotten them of one M., but there was no proof of when, where, or how M. got them, a charge that, if P.'s ox was butchered near S.'s house. that fact tends to show where the horns were found by a person afterwards in possession of them, was erroneous, since it assumes that M. found them.

4. *Argumentative charges.*—Instructions that are partly or wholly argumentative are properly refused.

5. *Charges to be founded on the evidence.*—It is not error to refuse to charge that if, according to theory of defendant, from the evidence, he could not be guilty, and according to the theory of the State, from the evidence, he would be guilty, and the jury are unable to say which theory is true. they should acquit; since defendant's guilt must be determined by the evidence, and not by the theories of the parties.

6 *Grand jurors; supplying deficiency.*—Under Code, § 4299, which requires grand jurors to be householders "or" freeholders, and section 4338 which provides that, if 15 grand jurors are not present and accepted, the court must order the sheriff to summon twice the number

VOL. C.

necessary to make the panel 15, and from the persons so summoned must be drawn the necessary number; where there was a deficiency of two in the panel, and the court ordered only two persons summoned, and required them to be householders "and" freeholders, such grand jury was illegal.

APPEAL from the Circuit Court of Geneva.

Tried before the Hon. J. M. CARMICHAEL.

The appellant was indicted, tried and convicted of grand larceny for stealing an ox, the property of one Charles L. Phillips.

Upon the examination of Charles L. Phillips, it was shown by the State that the said Phillips owned an ox, and that it had not been seen since about the 6th of September, 1892. This witness further testified "that some two or three weeks after that time he was shown some horns; that one Murdock had the horns, and had gotten them from one Martin; that they were the horns of the ox which he lost; that his attention was called to an indenture in one of the horns;" and by other ways the said witness identified the horns as being the horns of the ox which he had lost.

After having stated that the witness purchased the ox in question and another one from Malone & Collins the defendant's counsel, on cross examination, asked said Phillips "if it was not the understanding at the time he got the ox from Malone & Collins that he should keep the oxen until fall, and that if he was able to pay for them he was to take them; otherwise he was to pay rent on them to Malone & Collins?" To this question the witness answered in the affirmative. He was then asked "If he had ever paid Malone & Collins for the oxen or offered to pay them for the same?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

It was further shown that an ox answering, to some extent, the description of the one lost by Phillips was killed and butchered near the house of one Jesse Spigner. There was also testimony tending to connect the defendant with the crime for which he was charged.

At the request of the State the court gave the following written charges to the jury:

(1) "The doubt to acquit the defendant must be actual and substantial, not mere possibility or speculation. It is not a mere possible doubt because everything relating to human affairs and depending upon moral evidence is open to some possible or imaginary doubt." (2) "While the law requires the guilt of the accused to be proved beyond a reasonable doubt, it does not require that each fact which may aid the

7

[Fowler v. The State.]

jury in reaching the conclusion of guilt, shall be clearly proved but that on the whole evidence the jury must be able to pronounce that guilt is proved to a moral certainty."

The defendant separately excepted to the giving of each of these charges. At the instance of the defendant the court instructed the jury that there was no evidence in the case to show where the horns testified about were found, and the solicitor asked the following charge in rebuttal, and it was given by the court: (3) "If the jury believe from the evidence that a brindle ox was butchered near the house of Jesse Spigner, and that the ox so butchered was the property of Chas. L. Phillips, then the jury may consider this fact, if it be a fact, in connection with the whole evidence in determining where the horns testified about were found if they further believe from the whole evidence that the horns said to have been found were the horns from Phillips' ox." The defendant duly excepted to the giving of this charge, and also separately excepted to the court's refusal to give each of the following charges requested by him: (1) "Larceny is the wrongful taking and carrying away by any person, of the mere personal goods of another from any place with a felonious intent to convert them to his own use and make them his own property, without the consent of the owner. Suspicious circumstances that all the above may be true will not do, but in order to convict, the State must prove all the above to the entire satisfaction of the jury. Character is not what the defendant is tried for, neither can the jury consider the same except for the purpose of determining the truth of the particular facts testified to by the witness whose character was the subject of the particular proof." (2) "Before the jury can commence to investigate the facts as to who the guilty party is, if one is guilty, the State must first show that the ox in question was killed. It must be without a reasonable doubt the ox of Charles Phillips, and the killing must have been with a guilty knowledge that the same was stolen from the owner with the purpose to fraudulently convert it to the use of the party taking it, unless this is first fully and certainly established the jury go no further, and acquit." (3) "On a trial for the stealing and carrying away an animal of the cow kind there being no direct proof of the killing or circumstances attending the killing which was committed on the 6th day of Seysember, 1892, by either of four defendants, or all of them, it should require stronger testimony, especially if circumstantial evidence is relied on, and a conviction should not be had on it, if positive evidence is obtainable showing that another did the act." (4) "If, according to

the theory of the defendant, from the evidence the defendant could not be guilty; and according to the theory of the State, from the evidence, the defendant would be guilty, and the jury are unable to say which theory is true, the jury should acquit the defendant." (5) "The presence or absence of a motive in the commission of an offense is always a legitimate subject of inquiry. It is of more importance, and deserving more of consideration when a grave charge is made against a neighbor, and when the identification of the accused as the criminal agent depends upon circumstantial evidence." (6) "The fact, if it be a fact, that C. L. Phillips lost an ox, and that the defendant about that time borrowed a wagon from John Kyle, that it was in the morning before day, and that a witness swears that the defendant passed their house with beef in it and that the wagon was returned with spots of blood, without more proof, is insufficient to base a conviction." (7) "The court charges the jury that they must believe to a moral certainty, and beyond all reasonable doubt, 1st. That the ox in question was stolen and carried away. 2nd. That the defendant did the stealing or aided therein. 3rd. That the property was the property of C. L. Phillips at the time it was stolen. 4th. That it was stolen after the 6th day of September, 1892. If the jury have any reasonable doubt of any of the above facts they must acquit the defendant."

To the refusal to give each of said charges the defendant severally excepted.

R. H. WALKER, for the appellant.

WM. L. MARTIN, Attorney-General, for the State.

HEAD, J.—The testimony of Charles L. Phillips, in reference to the ox horns said to have been found, in connection with other evidence, tended to prove the *corpus delicti*, and was admissible.

It was immaterial whether Phillips had paid, or offered to pay, Malone & Collins for the oxen or not. If he was in possession of them, at the time of the alleged larceny, either as a conditional purchaser or a bailee, the ownership was properly laid in him. It is not disputed that he was in possession in the one or the other capacity. The ruling of the court on this point was free from error.

The first and second charges given at the instance of the State are legal truisms which need no discussion. They were properly given.

The analysis of charge 3, requested by the State, is, that if the ox of Phillips was butchered near the house of Jesse Spigner, that fact tends to show where the horns which came from that ox were found by a person who was afterwards discovered in possession of them.   There was evidence tending to show that the horns from Phillips' ox, which had been butchered near Spigner's house, were seen in the possession of a person who had gotten them from one Martin ; but there was no proof tending to show when, where or how Martin got them.   That he found them at all is a pure assumption.   It would have been competent to prove that the horns of Phillips' ox were found at the place where the slaughter of an ox had occurred, near Spigner's house, to aid the other testimony going to show that the slaughtered ox was that of Phillips ; and *e converso*, if the *place* where the *horns were found*, had been the subject-matter of investigation by the court, it would have been competent to prove the place where Phillips' ox was slaughtered, in aid of other evidence tending to show *where the horns were found*.   But such was not the matter of investigation.   The defendant was not indicted for putting the horns at a particular place. He was on trial for larceny of the ox.   The charge was inapt and unnecessary, as well as it assumed that the horns had been found, and ought to have been refused.

Whatever there is good in the first charge requested by defendant is rendered improper, as an instruction, by its association with the matters of argument contained in the charge.

The defendant's second charge is bad for several reasons. It was not essential to the completion of the larceny that the ox was killed.   The charge was misleading in other respects.

The third, fifth and sixth charges of defendant's series are nothing but arguments.

The jury have nothing to do with the theories the parties may derive from the evidence, unless they find support in the evidence.   It is improper to submit such to the jury in any form.   That body must themselves examine the evidence and determine what theories are deducible from it.   They are not compelled to consider the theories of the parties, as charge four requested by defendant would require.

The seventh charge was rendered bad by the requirement that the ox must have been stolen after the 6th of September, 1892, in order to a conviction.

We have examined the record of the organization of the grand jury which found this indictment and find it fatally defective.   Under the law obtaining in Geneva county,

[Ex parte Thomas.]

grand jurors may be householders or freeholders. They are not required to be both.—Code, § 4299. . Again, the law provides, in substance, that if fifteen grand jurors are not present and accepted the court must order the sheriff to summon twice the number necessary to complete the panel to fifteen, and from the persons so summoned must be drawn the necessary number.—Code, § 4338. In the present instance, there was a deficiency of two persons, and the court committed the error of ordering only two summoned; and the further error of requiring that they should be both householders and freeholders. An indictment found by a body so organized is invalid.

For the errors pointed out, the judgment of the Circuit Court is reversed and the cause remanded. Let the defendant remain in custody until legally discharged.

Reversed and remanded.