### CLEMENTS v. STATE.    (2 Div. 297.)

(Court of Appeals of Alabama.    April 22, 1924.)

**1. Names ⬤⇒16(1)—"Idem sonans" defined.**

"Idem sonans" means sounding the same or alike, and is applied to names which are substantially the same, though slightly varied in spelling.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Idem Sonans.]

**2. Names ⬤⇒16(3)—"Clements" and "Clemmons" held not idem sonans.**

Defendant's plea that his name was "Clemmons" instead of "Clements," as alleged in indictment, held not subject to demurrer on ground that names were idem sonans.

**3. Criminal law ⬤⇒281—Demurrer to plea of misnomer on ground of idem sonans raises issue of law.**

By demurring to defendant's plea of misnomer on ground that names were idem sonans, state admitted facts stated in plea and raised issue of law for court, though state, by taking issue on plea, could have shown that names were given same sound or pronunciation by local usage.

**4. Criminal law ⬤⇒308—Presumption of innocence attends accused until overcome by evidence of guilt beyond reasonable doubt.**

Evidentiary presumption of innocence attends defendant throughout trial until overcome by evidence sufficient to convince jury of his guilt beyond reasonable doubt and to moral certainty.

**5. Criminal law ⬤⇒553—Jury must place construction on evidence which makes all witnesses speak truth.**

Jury, if possible, must place that construction on evidence which makes all witnesses speak truth.

**6. Intoxicating liquors ⬤⇒238(1)—Possession of bottle held for jury on conflicting evidence.**

Possession of bottle of prohibited liquors, held for jury on conflicting evidence.

**7. Criminal law ⬤⇒553—Jury must consider and give due weight to defendant's testimony.**

Defendant being entitled to fair and impartial trial, free from prejudice or hurtful influences, jury should not capriciously refuse to consider testimony of defendant and his witnesses, but must carefully consider all testimony in case, and give it weight to which entitled.

Appeal from Circuit Court, Green County; John McKinley, Judge.

Lloyd Clements was convicted of possessing prohibited liquors, and appeals. Reversed and remanded.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The names Clemmons and Clements are idem sonans.

BRICKEN, P. J. In both counts of the indictment this appellant was charged with the commission of the offenses designated, under the name of Lloyd Clements. As an answer thereto, and before pleading to the merits, the defendant filed his plea of misnomer in proper form and substance, and sworn to as the law requires, in which it was insisted that his true name is Lloyd Clemmons, and not Lloyd Clements, as alleged in the indictment, and that he has never been known or called by the name of Lloyd Clements, etc.

To this plea in abatement the state demurred upon the sole ground that the names of Clemmons and Clements are idem sonans. The court sustained this demurrer, and this ruling of the court presents the principal question on this appeal, and is conclusive thereof, as this court, for the reasons hereinafter stated, are of the opinion that the court erred in sustaining the state's demurrer to the plea, as the two names are entirely different, and also that they are not idem sonans.

[1] The term "idem sonans" means sounding the same or alike; having the same sound, and is applied to names which are substantially the same, though slightly varied in the spelling.

[2] The appellate courts of this state have held that the following names are not idem sonans: "Munkers and Moncus," Munkers v. State, 87 Ala. 94, 6 South. 357; "Manson and Manison;" "Sagars and Segars;" "Barnham and Barham;" "Humphreys and Humphrey;" "Mulette and Merlette;" "Comeyns and Cummins;" "Shakepear and Shakespeare;" "McKinney and McCinney;" "Levi

Noble and Levi Nobles;" "Cobbs and Cobb;" "Chapelas and Chapalear;" "Donnel and Donald;" "Cambron and Cameron." Others could be cited, but these we think are ample to sustain, by analogy, our holding that Clements and Clemmons, are also not idem sonans. Moreover, the spelling is materially different, the last syllable of one being "mons" and the other "ents," and it is evident that when ordinary sound and power are given the variant letters there necessarily must be a perceptible difference in the sound given the two names.

[3] Of course, if by local usage, the names have been given the same sound, or pronunciation, this could have been shown, had the state taken issue upon the plea as a question of fact would have been presented. But by demurring to the plea the state admitted the facts stated in the plea, but contended that as a matter of law the plea did not call for the relief sought thereby. In other words, the demurrer raised an issue, not of fact, but of law.

As stated, we are of the opinion that the court erred in sustaining the demurrer to the plea, and for this error the, judgment appealed from must be reversed.

[4-7] It is not necessary to pass upon other questions presented, but from a reading of the testimony as shown by the transcript we are not impressed with the strength of the state's case, in that the state relied solely upon the sense of smell of its witnesses as to the contents of the small broken bottle, as against the direct and positive testimony of three witnesses, one who made the contents, that the substance contained in the bottle was not prohibited liquor but was hair tonic containing barbers' compound, rose water, and sage tea. This defendant was presumed by law to be innocent. This presumption, evidentiary in its nature, attended him throughout the entire trial and until overcome by evidence of sufficient force and character to convince the jury beyond all reasonable doubt and to a moral certainty that he was guilty of the offense charged. A duty devolves upon the jury, if it can be done, to place that construction upon the evidence which makes all witnesses speak the truth. Here there was some conflict as to the possession by defendant of the bottle in question. This of course was for the jury; but, on the trial of any criminal charge the jury should not, for it is not authorized so to do, capriciously set aside and refuse to consider the testimony of the defendant and that of his witnesses. He is entitled to a fair and impartial trial, free from all prejudice or hurtful influences, and a jury, in order to accord such a trial, should carefully consider all the testimony in the case, whether adduced upon the part of the plaintiff or that of the defendant, and give to such testimony such weight as it may be entitled, and as before stated the jury are required to construe the testimony to make all witnesses speak the truth if it is possible so to do.

Reversed and remanded.