(110 So. 479)

### COLLINS v. STATE.    (4 Div. 212.)

(Court of Appeals of Alabama.   Nov. 23, 1926.)

1. **Criminal law** &#11096;=>789(8)—**Instruction to acquit, unless satisfied to moral certainty that proof is inconsistent with every conclusion, except defendant's guilt, is properly refused.**

Instruction that jurors must be satisfied to a moral certainty that the proof is wholly inconsistent with every rational conclusion except defendant's guilt, and to acquit unless they would act on that decision in matters of highest concern and importance to their own interest, is properly refused, being erroneous.

2. **Criminal law** &#11096;=>992—**Verdict merely finding defendant guilty as charged does not sustain sentence of 20 days to pay fine of $50.**

Verdict merely finding defendant charged with possessing prohibited liquors, guilty as charged, and fixing no fine, does not sustain sentence of 20 days to pay fine of $50.

3. **Criminal law** &#11096;=>995(4)—**Sentence to ——— days at hard labor to pay costs at 75 cents per day is not definite as to time, as required by Code 1923, § 5291.**

Requirement of Code 1923, § 5291, of definiteness as to time in sentence to hard labor

to pay costs, *held* not complied with by sentence to ——— days at hard labor to pay the costs at 75 cents per day.

Appeal from Circuit Court, Pike County; W. L. Parks, Judge.

Willis Collins was convicted of possessing prohibited liquors, and he appeals. Judgment affirmed, and cause remanded for proper sentence.

Charge 4, refused to defendant, is as follows:

"Before the defendant can be convicted, the jury must be satisfied to a moral certainty, not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless the jury are so convinced, by the evidence of defendant's guilt, that they would venture to act upon that decision in matters of the highest concern and importance to their own interest, then they should find the defendant not guilty."

The verdict of the jury was: "We, the jury, find the defendant guilty as charged." The judgment of the court was that "the defendant, Willis Collins, is guilty as charged." The sentence was as follows:

"It is considered and the judgment of the court that the said defendant Willis Collins be and he is hereby sentenced 20 days at hard labor for Pike county to pay the fine of $50.00 and to ——— days at hard labor for Pike county to pay the costs at 75 cents per day. * * * *"

D. A. Baker, of Troy, for appellant.

The judgment and sentence is defective and void. Code 1923, § 5291; Gady v. State, 83 Ala. 51, 3 So. 429; Bradley v. State, 69 Ala. 318; Evans v. State, 109 Ala. 11, 19 So. 535.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. [1] Insistence is made in brief of counsel that the court erred in refusing to give, at the request of defendant in writing, charge No. 4. No citation of authority supports this contention, and the court is left to its own resources in searching the hundreds of charges of this and similar nature for authority either pro or con.

This identical charge was held to be the law in Burton's Case, 107 Ala. 108, 18 So. 284, and in Pickens' Case, 115 Ala. 42, 22 So. 551. The ruling in the Burton Case, and other cases following the ruling there, have been overruled, and the charge is now condemned. Shelton v. State, 144 Ala. 106, 42 So. 30; Jones v. State, 181 Ala. 63, 61 So. 434; Shorter v. State, 209 Ala. 678, 96 So. 890.

There being no prejudicial error on the trial of the case, the judgment of conviction is affirmed.

[2, 3] The sentence is erroneous, in that:

---

(1) There is no verdict of the jury to sustain the sentence of 20 days to pay a fine of $50. The verdict did not fix any fine, only finding the defendant guilty as charged. (2) The sentence to hard labor to pay the costs is not definite as to time, as is required by section 5291 of the Code of 1923. While other forms of sentence have been affirmed, trial courts should follow the direction of the Supreme Court in Evans v. State, 109 Ala. 11, 25, 19 So. 535. The judgment is remanded, for proper sentence in conformity to the foregoing.

Affirmed, and remanded for sentence.