## IKENER v. STATE.   (4 Div. 236.)

(Court of Appeals of Alabama.   Dec. 14, 1926.

Rehearing Denied Jan. 11, 1927.)

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J.　■■■ Two ten-gallon kegs of whisky were found by the officers in a sedge patch 165 yards from defendant's house.　This establishes the unlawful possession of the whisky in some person. The question in the case therefore is, Was the possession that of the defendant? To make out its case in this regard, the state was forced to resort to circumstantial evidence.　In such case every fact and circumstance tending to connect the defendant with the crime charged is material and relevant.　Lancaster v. State (Ala. App.) 106 So. 609.[1]　In this case the proof of a tin tub that had had beer in it found at defendant's house at the time of the search of defendant's premises, as an isolated fact, would not be relevant, so also would be other facts in the chain of circumstances, but when there is shown a chain of facts leading from this same tub to a still recently operated and tracks from the still to where the whisky was found and from there back to defendant's yard, at or near the place where the tub was found, the whole constitute circumstances extending the locus in quo to include the defendant's residence; the still and whisky and any fact within that area tending to connect the defendant with the possession of the whisky, though remote, is relevant and admissible.　The fact that defendant might and perhaps ought to have been indicted for unlawfully possessing a still does not render the facts inadmissible, if such facts relate to the crime charged.

The facts in evidence justified a refusal of the general charge.

The judgment of conviction is affirmed.

■■ The sentence to hard labor for the costs is not definite, and for that reason the cause is remanded for proper sentence.

Affirmed, and remanded for proper sentence.

A. G. Seay, of Troy, for appellant.

[1] 21 Ala. App. 140.