(125 So. 207)

## WILLIAMS v. STATE.  (4 Div. 594.)

Court of Appeals·of Alabama.  Dec. 17, 1929.

E. C. Orme, of Troy, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The principal insistence is that the evidence adduced on the trial is not sufficient upon which to base a verdict of guilty. This evidence has been read by the court sitting en banc, and the conclusion is unanimously reached that a verdict based upon the facts and circumstances as testified to by the witnesses finding the defendant guilty as charged must be sustained. There were some circumstances testified to by the witnesses which might have been satisfactorily explained. No explanation of these were offered, in the absence of which they tended to connect the defendant with the crime charged.

The verdict of the jury was as follows: "We, the jury, find the defendant, Q. V. Williams, guilty as charged to Q. V. Williams." This verdict is authorized by the statute, Code 1923, § 4908. When, however, such a verdict is returned, the court is not authorized to impose a fine, but must sentence the defendant to jail or to hard labor. Hollis v. State, 123 Ala. 74, 26 So. 231. It follows, therefore, that the fine of $25 fixed by the court, and the 20 days hard labor to pay the fine, is without warrant of law, and is therefore void.

The sentence is as follows: "It is, therefore, considered and adjudged that the defendant is fined $25.00, by the Court, and failing to pay or secure same is sentenced to hard labor for 20 days to pay the fine, and —— days to pay the costs at the rate of 75¢ per day, and also sentenced by the court to hard labor for the County for twelve months additional." That part of the sentence relating to the costs is also erroneous for indefiniteness. A sentence to a term of hard labor both as to fine and costs must be definite and certain. This we have many times held and pointed out, in several instances in appeals coming from Pike county from which originated this appeal, as well as in other cases. Collins v. State, 21 Ala.App. 594, 110 So. 479; Trawick v. State, 22 Ala. App. 280, 115 So. 79; Ikener v. State, 22 Ala. App. 15, 112 So. 186; Tuggle v. State, 19 Ala. App. 539, 98 So. 700; Brooks v. State, 16 Ala. App. 664, 81 So. 184. In the Collins Case, supra, this court pointed out the very *simple* form to be followed in cases of this kind.

The objection to the statement of the solicitor to which exception was reserved is without merit. There was testimony by several witnesses that defendant was wearing a cap, and the remark of the solicitor that it was one witness, when it was another, was immaterial. It was for the jury to remember the evidence.

The judgment of conviction is free from error, and must be affirmed. The sentence to hard labor is authorized by statute, is regular, and is affirmed. The sentence for the

fine of $25 and for the costs is error, and cannot be allowed to stand. This court, acting under authority conferred by statute, proceeds to correct the judgment and sentence as follows: The defendant is adjudged guilty as charged, and is sentenced to hard labor for Pike county for a term of 12 months; said time to begin on the date of this judgment and ending 12 months from that date. The sheriff of Pike county will take the defendant into custody and deliver him to the proper authorities.

Judgment corrected and affirmed.