(130 So. 169)

## GULLATT v. STATE.

5 Div. 807.

Court of Appeals of Alabama.
June 17, 1930.

Rehearing Denied June 30, 1930.

Powell & Powell, of Tuskegee, for appellant.

Charlie C. McCall, Atty. Gen., and Wm. P. Cobb and Luther Patrick, Asst. Attys. Gen., for the State.

SAMFORD, J.

The defendant was indicted as Earl Gallatte, Gollatte, Gollatt, Guellett, and Gillett. He filed a plea of misnomer, alleging

that his name was Earl Gullatt, and that he had never been known or called by either of the names alleged in the indictment. Demurrer was sustained to this plea on the ground that the names in the indictment and in the plea are idem sonans. If the names were sounded alike by parties who knew the defendant, this fact would have been available to the state on issue joined on the plea, but the court cannot say on demurrer that Gullatt is idem sonans with either of the names alleged in the indictment. Clements v. State, 19 Ala. App. 640; 99 So. 832; Campbell v. State, 18 Ala. App. 219, 90 So. 43.

■ The ownership of the car alleged to have been stolen was laid in William C. Oates, who had it in charge and possession at the time of the theft, while the evidence disclosed the title to be in some one else. The ownership of stolen property is properly laid in the person in possession at the time of the larceny either as a conditional purchaser or as a bailee. Fowler v. State, 100 Ala. 96, 14 So. 860; 36 Corpus Juris 832 (319).

■ The statement of the solicitor reflecting on the family of defendant was entirely out of place, and, if exception had been reserved, would have been grounds for reversal, but the trial court cannot be put in error without a ruling has been invoked.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.