(136 So. 277)

## PAINTER v. STATE.
### 6 Div. 919.

Court of Appeals of Alabama.
June 23, 1931.

Rehearing Stricken Aug. 4, 1931.

B. G. Wilson, of Jasper, and W. W. Monroe, of Fayette, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

BRICKEN, P. J.

The indictment charged one Clervus Painter, alias Clevis Painter, with the offense of seduction. This appellant was arrested and required to stand trial under said indictment, but before entering upon the trial he filed a plea of misnomer in proper form and substance, and sworn to as the law required, in which it was insisted that his true name is Cleavies Panter, and not Clervus Painter alias Clevis Painter, as alleged in the indictment, and that he has never been known or called by the name or names contained in the indictment. To said plea the state interposed demurrers upon the ground principally that the names in question are idem sonans. The ruling of the court in sustaining the demurrers is the principal insistence of error relied upon for a reversal.

In sustaining the demurrer to the plea the court held in effect, as a matter of law, that the designated names are idem sonans and as a result the plea was no answer to the indictment. This question has been considered by this court en banc, and the conclusion here reached is that the court fell into error in thus holding. We are of the opinion that the names "Cleavies Panter," the admitted true name of this appellant, is not idem sonans with the names "Clervus Painter alias Clevis Painter." We think the case of Clements v. State, 19 Ala. App. 640, 99 So. 832, 833, is ample authority in this connection. In the Clements Case the following instances have been collated wherein the appellate courts of this state have held the names are not idem sonans, to wit: " 'Munkers and Moncus,' Munkers v. State, 87 Ala. 94, 6 So. 357; 'Manson and Manison;' 'Sagars and Segars;' 'Barnham and Barham;' 'Humphreys' and Humphrey;' 'Mulette and Merlette;' 'Comeyns and Cummins;' 'Shakepear and Shakespeare;' 'McKinney and McCinney;' 'Levi Noble and Levi Nobles;' 'Cobbs and Cobb;' 'Chapelas and Chapalear;' 'Donnel and Donald;' 'Cambron and Cameron.' Others could be cited, but these we think are ample to sustain, by analogy, our holding that Clements and Clemmons, are also not idem sonans. Moreover, the spelling is materially different, the last syllable of one being 'mons' and the other 'ents,' and it is evident that when ordinary sound and power are given the variant letters there necessarily must be a perceptible difference in the sound given the two names."

Of course, if by local usage the names have been given the same sound, or pronunci-ation, this could have been shown, had the state taken issue upon the plea as a question of fact would have been presented. But by demurring to the plea the state admitted the facts stated in the plea, but contended that as a matter of law the plea did not call for the relief sought thereby. In other words, the demurrer raised an issue, not of fact, but of law.

As stated, we are of the opinion that the court erred in sustaining the demurrer to the plea, and for this error the judgment appealed from must be reversed.

The remaining questions on this appeal, but few in number, need not be considered, as from what has been said, this appellant cannot be held to answer the indictment in this record.

Reversed and remanded.