46 So.2d 247

**GANDY v. STATE.**

I Div. 602.

Court of Appeals of Alabama.

May 9, 1950.

Hugh Rozelle, Atmore, and Walter M. Cook, of Mobile, for appellant.

A. A. Carmichael, Atty. Gen., and S. J. Livingston, Asst. Atty. Gen., for the State.

CARR, Judge.

The accused was tried and convicted under this indictment (omitting formal parts):

"The Grand Jury of said County charge, that, before the finding of this indictment John Gandy whose name is to the Grand Jury otherwise unknown than as stated, feloniously took and carried away from a building, one flight jacket of the value of nineteen dollars and twenty two cents, the personal property of H. G. Whigham and R. E. Whigham, partners, doing business as Palace Laundry and Dry Cleaners, against the peace and dignity of the State of Alabama.

"2. The Grand Jury of said County further charge, that, before the finding of this indictment John Gandy whose name is to the Grand Jury otherwise unknown than as stated, did buy, receive, conceal, or aid in concealing one flight jacket of the value of nineteen dollars and twenty two cents, the

**300**

personal property of H. G. Whigham and R. E. Whigham, partners, doing business as Palace Laundry and Dry Cleaners, knowing that the said property was stolen from a building, or having reasonable grounds for believing that it was stolen from a building, and not having the intent to restore it to the owner, against the peace and dignity of the State of Alabama."

There was a general verdict of guilt, and the court imposed a sentence of six years in the State penitentiary.

 Appellant made a motion to exclude the evidence on the ground that the ownership of the property is laid as indicated above and according to the proof the partnership was not the owner but was only in possession of the flight jacket. There is no merit in this position. In a larceny prosecution the ownership of the alleged stolen property is properly laid in the person who is in the rightful possession thereof at the time of the theft. Gullatt v. State, 24 Ala.App. 11, 130 So. 169; Fowler v. State, 100 Ala. 96, 14 So. 860; Leverett v. State, 18 Ala.App. 578, 93 So. 347; Viberg v. State, 138 Ala. 100, 35 So. 53, 100 Am.St. Rep. 22.

Section 331, Title 14, Code 1940 provides in pertinent part: " * * * any person who steals any personal property of the value of five dollars or more from * * * or in any dwelling house, or from or in any storehouse, warehouse, shop, office, church, school house, or any public building * * ; and any person who steals any personal property, other than hereinbefore enumerated, of the value of twenty-five dollars, or more * * * shall be guilty of grand larceny."

 The description of the building alleged in the indictment does not come within any of the class or character enumerated in the statute supra. When this is taken into account, together with the alleged value of the flight jacket, it is clear that the first count of the indictment charges petit larceny as denounced by Section 334, Title 14, Code 1940. The second count charges buying, receiving, etc. stolen property which is made a crime under Section 338, Title 14, Code 1940. Neither count of the indict-

ment could sustain a conviction of grand larceny.

 The jury returned a verdict of guilt as charged in the indictment. On the basis of this finding the court sentenced the accused to the State penitentiary for six years. This was unauthorized.

There is no other error in the record.

It follows that the cause must be remanded to the court below for proper sentence, that is a punishment under the provisions of Section 334, Title 14, supra.

 Attention is called to the rule which will not permit the trial judge to impose a fine. Hamilton v. State, 24 Ala.App. 535, 137 So. 535; Williams v. State, 23 Ala.App. 338, 125 So. 207.

It is ordered that the judgment below be affirmed and the cause remanded for proper sentence.

Affirmed. Remanded for proper sentence.