122 So.2d 151

**Vunnie Lee BUXTON**

v.

**STATE.**

**4 Div. 427.**

Court of Appeals of Alabama.

May 24, 1960.

Rehearing Denied June 30, 1960.

J. Fletcher Jones and A. R. Powell, Jr., Andalusia, for appellant.

MacDonald Gallion, Atty. Gen., and Winston Huddleston, Supernumerary Circuit Solicitor, Wetumpka, for the State.

HARWOOD, Presiding Judge.

By affidavit it was charged that: "Vunnie Lee Buxton, did receive, sell, offer for sale," and etc., "prohibited liquors or beverages," etc.

To this affidavit the appellant filed a plea of misnomer asserting that: "her true name is Verna Lee Buxton and not Vunnie Lee Buxton, as alleged in the affidavit; and that she has never been known or called by the name of Vunnie Lee Buxton, which she is ready to verify and prays judgment that the affidavit be quashed."

To this plea the State filed a demurrer, the grounds of which asserted, in effect, that the defendant's name as it appears in the writ is idem sonans with the name set forth in the plea.

The court sustained the State's demurrer to the plea.

By demurring to the plea, the State has, in effect, admitted its truthfulness, but contends as a matter of law that "Vunnie Lee Buxton" and "Verna Lee Buxton" are idem sonans.

We think the clearest test to be applied in determining the question of idem sonans, when the matter is raised by demurrer, is set forth in the case of Munkers v. State, 87 Ala. 94, 6 So. 357, 358, wherein the court wrote:

"The demurrer to the plea of misnomer, interposed by appellant to the indictment, presented for decision by the court the question whether Richard 'Munkers,' by which name the defendant is indicted, is idem sonans with Richard 'Moncus,' which the plea avers to be his true name, by which he has always been called and known. Though this is strictly a question of pronunciation when raised by demurrer, it may be treated as a question of law; but in such case the judgment of the court should express the conclusion of law from facts or rules of which judicial notice may be taken. When there is no generally received English pronunciation of the names as one and the same, and the difference in sound is not so slight as to be scarcely perceptible, the doctrine of idem sonans cannot be applied without the aid of extrinsic evidence, unless when sound and power are given to the letters as required by the principles of pronunciation, the names may have the same enunciation or sound. There is a material difference in orthography, and a perceptible difference between 'Moncus' and 'Munkers,' when ordinary sound and power are given to the variant letters. They are as different names as some which this court has held not to be idem sonans.—Lynes v. State, 5 Port. 236; Humphrey v. Whitten, 17 Ala. 30; Nutt v. State, 63 Ala. 180; Adams v. State, 67 Ala. 89. If by local usage the names have the same pronunciation, it becomes a question of fact, which must be referred to

the jury. The court erred in sustaining the demurrer to the plea. The state should have taken issue or replied."

The doctrine of this case has been applied by this court in Clements v. State, 19 Ala. App. 640, 99 So. 832; Gullatt v. State, 24 Ala.App. 11, 130 So. 169; Sexton v. State, 28 Ala.App. 59, 180 So. 729.

In the Sexton case, supra, the names held not to be idem sonans under the tests set forth in the Munkers case, supra, were "Levon Sexton" and "Lavaughn Sexton."

By the tests established we think it must be concluded that "Vunnie Lee Buxton" and "Verna Lee Buxton" cannot as a matter of law be held to be idem sonans.

There is a material difference in orthography and a perceptible difference between "Vunnie" and "Verna" when ordinary sound and power are given to the variant letters.

The court therefore erred in sustaining the demurrer to the plea of misnomer. The State should have joined issue.

Reversed and remanded.