282 So.2d 113

John Henry WILSON

v.

STATE.

6 Div. 399.

Court of Criminal Appeals of Alabama.

Aug. 14, 1973.

Rogers, Howard, Redden & Mills and Robert M. Harper, Birmingham, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

R. L. HUNDLEY, Circuit Judge.

Appellant, convicted of robbery in the court below and sentenced to ten years, urges a reversal by reason of error committed by the trial court in sustaining the demurrer to his special plea of former jeopardy.

Appellant's brief succinctly expresses his position as follows:

"The appellant, John Henry Wilson, was indicted by the April, 1971, * * * Grand Jury * * *. That indictment alleged that the person robbed was 'Estelle Jackson.' Appellant was brought to trial on that indictment on December 1, 1971. A jury was impaneled and sworn, the indictment was read to the jury and the defendant pleaded "not guilty" to said indictment. The state called as a witness Estelle Jackson who took the stand and responded to a series

of questions propounded to her by the District Attorney.

"She testified that her name was 'Estella' Jackson. The trial judge, on his own volition, then questioned Mrs. Jackson as to the discrepancy between her given name as alleged in the indictment and as related by her in her testimony. At the conclusion of his interrogation, the trial judge, ex mero motu, declared a mistrial based on a variance between the name of the victim as alleged in the indictment and the actual name of the victim of said robbery.

"The appellant was again indicted on the same robbery charge by the December, 1971, * * * Grand Jury * * *. The latter indictment differed * * * only in that the name of the alleged victim was changed from 'Estelle' Jackson to 'Estella' Jackson. * * *

"It is Appellant's contention that the second trial of defendant * * * should have been barred due to his having previously been put in jeopardy for the same offense. * * * that there was no necessity for the trial judge's declaration of a mistrial * * *. The difference in spelling of the name of the alleged victim was not such as to constitute a variance between the indictment and the proof. Appellant submits that the given name 'Estelle' and 'Estella' are idem sonans."

*   *   *   *   *   *

"If the trial court in trial number one was justified in granting a mistrial on the basis of a variance between the allegations of the indictment and the proof submitted thereon, then the issue of double jeopardy is of no merit in this case. That question must turn on the issue of whether the names 'Estelle' and 'Estella' are so similar that a conviction for robbing 'Estelle' would bar a later prosecution on a charge of robbing 'Estella.' In short, are 'Estelle' and 'Estella' idem sonans?"

*   *   *   *   *   *

The state counters with Title 15, §§ 253 and 254 of the Alabama Code.

"§ 253 . . . An indictment may be amended, with the consent of the defendant . . . when any person, property, or matter therein stated is incorrectly described.

"§ 254 . . . If the defendant will not consent to such amendment, the prosecution may be dismissed at any time before the jury retires . . . and the Court may order another indictment to be preferred at a subsequent time . . ."

The State's position appears to be that the actions of the first trial judge concluded the issue of a variance, vel non, without more. An adverse determination of appellant's claim resolves both contentions.

◼ The names "Estella" and "Estelle" in the instant case are idem sonans in neither law nor fact.

Our Supreme Court has said,

"Though this (Idem Sonans) is strictly a question of pronunciation when raised by demurrer, it may be treated as a question of law . . . When there is no generally received English pronunciation of the names as one and the same, and the difference in sound is not so slight as to be scarcely perceptible, the doctrine of idem sonans cannot be applied without the aid of extrinsic evidence, unless when sound and power are given to the letters as required by the principles of pronunciation, the names may have the same enunciation or sound." Munkers v. State, 87 Ala. 94, 6 So. 357, 358; Buxton v. State, 40 Ala. App. 667, 122 So.2d 151, cert. den. 271 Ala. 697, 122 So.2d 152.

There is no generally received English pronunciation of the names "Estelle" and "Estella" as one and the same. The difference in sound between these two names is not slightly perceptible, it is distinct. Nor

do they have the same enunciation when sound and power are given the letters as required by the principles of pronunciation.

Thus, the plea of former jeopardy, as viewed on demurrer by the second trial judge, failed to reflect idem sonans as a matter of law when pronunciations from spellings alone were considered.

The first trial judge had the full benefit of the testimony of Estelle Jackson. This appears from the face of appellant's plea of jeopardy:

"  .  .  .  6. That said mistrial was declared by the trial court based on testimony by the witness Estelle Jackson in which she testified that:

"(a) The true spelling of her first name was 'Estella' rather than "Estelle," as set forth in said indictment on April, 1971; and

"(b) The true pronunciation of such first name was Es . tell ' a, the final 'a' being pronounced as in the words so*fa* and *a*bound  .  .  . "

 This was evidence extrinsic to the mere printed names "Estelle" and "Estella" and the court *heard* it. Had these two names been made to sound identical from phonetic usage or local custom, no variance from the indictment could have been said to have existed. The very determination by the first judge that there was a variance constituted a judicial act which, if not an abuse of judicial discretion, excluded any conclusion that these two names sounded the same.

 Appellant's plea of jeopardy made no challenge of this finding, which precluded idem sonans as a matter of fact as well. To the contrary, he made oath that the two names did not in fact sound the same. Thus, idem sonans is negated by the affirmations of the plea itself. The ruling on the demurrer was correct.

Appellant further urges reversal because of the lower court's failure to give his requested charge number 11. This charge was adequately covered by the Court's oral charge and was properly refused.

The foregoing opinion was prepared by Hon. R. L. HUNDLEY, Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of § 38, T. 13, Code 1940, as amended; the Court has adopted his opinion as its own.

A further and careful review of the entire record shows the case to be free of error and the same is hereby

Affirmed.

CATES, P. J., and ALMON, HARRIS and De CARLO, JJ., concur.

TYSON, J., not sitting.