299 So.2d 767

**Willie Hudson DAVENPORT**

v.

**STATE.**

**4 Div. 253.**

Court of Criminal Appeals of Alabama.

Jan. 29, 1974.

Rehearing Denied March 19, 1974.

James M. Prestwood, Andalusia, for appellant.

CATES, Presiding Judge.

Grand larceny: sentence, three years imprisonment.

The evidence for the State tended to show that on the night of December 28, 1971 some 700 pounds of pecans were stolen from the U. S. Security Warehouse in Andalusia, Alabama. The warehouse had been burglarized.

A pickup truck, belonging to the appellant who was a former employee of the warehouse, was found about a quarter mile from the scene of the theft. On the back of the truck were six bags of pecans with the name Funsten Pecan Co. printed on the sacks. The truck tag was partly covered so as to hide the county identifying numbers.

Officer Early Ellis testified that he saw the appellant in the truck. At that time the sacks of pecans were loaded on the back. The truck was abandoned in a pasture. The driver was heard running through a nearby swamp.

William J. Baxley, Atty. Gen. and John S. Andrews, Asst. Atty. Gen., for the State.

The State was allowed to introduce a picture of the appellant showing scratches on his body, which the police alleged were

incurred when the appellant fled from the police through the woods.

The appellant, taking the stand in his own behalf, claimed that he left his truck about four miles north of Ozark after it broke down. He stated that he was in Dothan at the home of Ruby Nell Roussiau, playing cards, when he was alleged to have committed the theft. Ruby testified that the appellant did come to her home on the night of the theft. Appellant had never reported the theft of his truck.

After arresting the appellant and obtaining the key to the truck from the appellant, police officers stated that the truck started without difficulty.

Davenport's motion for a new trial was not acted upon.

## I

■ During the trial a picture of the appellant made without his shirt at the Andalusia Police Station was introduced for the purpose of showing scratches on the appellant's body. The State argued that the appellant incurred these scratches as he fled from the police through a woody or swampy area after leaving his truck in the pasture.

All that appears from the record is that no force was used to make the appellant remove his shirt and submit to being photographed. Appellant was not advised that he could refuse to remove his shirt. Appellant had been previously advised of his *Miranda* rights, and had stated that he didn't want to say anything.

In Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021, a question arose as to whether a blouse belonged to a prisoner. A witness testified that the prisoner put it on and it fit him. The appeal concerned whether or not the prisoner had been deprived of his Fifth Amendment privilege.

Mr. Justice Holmes there wrote (in part) for the Court:

"Another objection is based upon an extravagant extension of the 5th Amendment. A question arose as to whether a blouse belonged to the prisoner. A witness testified that the prisoner put it on and it fitted him. It is objected that he did this under the same duress that made his statements inadmissible, and that it should be excluded for the same reasons. But the prohibition of compelling a man in a criminal court to be a witness against himself is a prohibition of the use of physical or moral compulsion to extort communications from him, not an exclusion of his body as evidence when it may be material. The objection in principle would forbid a jury to look at a prisoner and compare his features with a photograph in proof. Moreover, we need not consider how far a court would go in compelling a man to exhibit himself. For when he is exhibited, whether voluntarily or by order, and even if the order goes too far, the evidence, if material, is competent. Adams v. New York, 192 U.S. 585, 24 S.Ct. 372, 48 L.Ed. 575, * * *."

The Supreme Court applied the *Holt* holding and quoted the same language in Schmerber v. California, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed.2d 908. Therein taking a blood sample to determine its alcoholic content did not violate any Fourth or Fifth Amendment Rights. In an opinion by Mr. Justice Brennan, the Court held that the privilege protects an accused only from being compelled to testify against himself, or to provide the State with evidence of a "testimonial or communicative nature." 384 U.S. at 761, 86 S.Ct. 1826.

The Court further stated:

" * * * the privilege is a bar against compelling 'communications' or 'testimony,' but that compulsion which makes a suspect or accused the source of

'real or physical evidence' does not violate it."

Accordingly, it has been held proper to take blood samples, finger prints, palm prints, voice and handwriting samples, and to require the accused to appear in a lineup.

The Alabama Supreme Court has also adopted the *Holt,* supra, *Schmerber,* supra, rationale in Hubbard v. State, 283 Ala. 183, 215 So.2d 261, where it was held proper to require an accused to remove his clothes which were analyzed and used as evidence against him.

## II

■ The indictment alleged that the pecans stolen were the property of United States Security Warehouse of Alabama, Inc. However, the record clearly shows that United States Security Warehouse was the bailee of the pecans, Funsten Pecan Co. being the owner of them.

Appellant argues that the variance in the allegation and the proof required the trial court to grant the affirmative charge.

The Attorney General in brief cites several *civil* cases holding that a bailee can bring an action for injury to goods the subject of the bailment. This reasoning affords analogy to a degree. However, there is decisional precedent in the criminal field.

The allegation of ownership of property in the name of a bailee or trustee does not affect the sufficiency or validity of the indictment. Fowler v. State, 100 Ala. 96, 14 So. 860, and Viberg v. State, 138 Ala. 100, 35 So. 53.

From *Viberg* we quote:

"The evidence showed that the money stolen was proceeds of cattle which Thomas, in whom the ownership of the money is alleged, had been entrusted to sell for his father. This constituted him a bailee of the money, and the ownership of it was properly laid in him."

The Alabama rule is in accord with the majority rule. See generally 50 Am.Jur. 2d, "Larceny, § 132, pp. 309–310.

■ Larceny is an offense against possession, Kilpatrick v. State, 43 Ala.App. 667, 199 So.2d 682. It might be noted that the element of larceny here in issue regards proof that the property was in a person *other than the accused.* Possession in a bailee or trustee meets the proof of the element and comports with the averment in the indictment sub judice.

## III

Appellant argues that there was not sufficient evidence to establish either the corpus delicti of the crime, or a prima facie case against the appellant.

Mr. Presley, manager of the warehouse, testified that 701 pounds of pecans were stolen therefrom on the night of December 28.

Wayland Adams, a police sergeant, stated that he investigated a theft at U. S. Security Warehouse on the night of December 28; that the hinges on the door had been removed.

Other testimony revealed that a truck, the property of the appellant, was found near the scene of the crime loaded with six sacks of pecans.

Finally, Early Ellis identified the appellant as the man he saw in the truck with the stolen pecans on the night of the theft.

■ It appears that sufficient evidence was introduced to establish a prima facie case that the pecans were stolen, and that the appellant committed the theft. It was therefore for the jury to decide whether the corpus delicti had been proven beyond a reasonable doubt.

**330**

In this connection we note the inference which a jury may legitimately draw from the recent, exclusive and unexplained possession of stolen property. See Buckles v. State, 291 Ala. 359, 280 So.2d 823; Sewell v. United States, 8 Cir., 406 F.2d 1289. The more remote in time the possession stands to the time of the theft the less vigor remains in the circumstances of possession.

Thus, in White v. State, 72 Ala. 195 the following appears:

"What is meant by 'recent,' is incapable of exact or precise definition, * * * the question is usually one of fact for the determination of the jury. * * *"

Conversely to the fading strength of the inference from the passage of time stands the recognized phenomenon that the sooner after the taking the more likely it is that the possessor is the thief. State v. Dancyger, 29 N.J. 76, 148 A.2d 155; R. v. Cockin, 2 Lew.Cr.C. 235; Wigmore, Evidence (3d ed.) §§ 152, and 2513; Note, Presumption of Larceny from the Unexplained Possession of Stolen Goods, 23 Va.L.Rev. 616; and Wharton Criminal Evidence (13th ed.), § 139 (p. 239).

Here the observation of the appellant's truck near the warehouse, shortly thereafter the finding of the broken hinge on the warehouse door and, within the space of two or three hours, the officers' locating the pecan laden truck brings to mind Baron Pollock's nisi prius comment in R. v. Exall, 4 F. & F. 922. There we find:

" * * * The strength of the presumption, which arises from such possession, is in proportion to the shortness of the interval which has elapsed. If the interval has been only an hour or two, not half a day, the presumption is so strong, that it almost amounts to proof (b); because the reasonable inference is,

that the person must have stolen the property (c). * * * "[1]

## IV

As to the appellant's contention that the corpus delicti must be proved before evidence of possession of stolen goods becomes admissible, it is a well settled principle that the judge has broad discretion in determining the order of proof. McDowell v. State, 238 Ala. 101, 189 So. 183; Humber v. State, 21 Ala.App. 378, 108 So. 646. We find no abuse of discretion.

We have reviewed the entire record under Code 1940, T. 15, § 389 and consider that the judgment below is due to be

Affirmed.

All the Judges concur.

---

1. The learned Lord Chief Baron went on to caution the jury: "Such evidence, no doubt, is not conclusive." p. 928. See Bloodworth, J., in Buckles v. State, 491 Ala. 359, 280 So.2d 823.