LEIGH M. CLARK, Supernumerary Circuit Judge.
A jury found appellant guilty of grand larceny, and the court sentenced him to imprisonment in the penitentiary for ten years. The indictment charged him with robbery, but at the conclusion of the oral charge, defendant requested that the court charge as to lesser included offenses. The court then charged the jury as to grand larceny and asked attorneys for the parties if they had any exceptions, to which State’s counsel said it was satisfied and defendant’s counsel said, “No, sir, the Defendant is satisfied, Your Honor.” The court then gave three forms of verdict, including one finding defendant guilty of grand larceny.
Only one question is raised by appellant: Whether there was a variance between the indictment and the evidence, by reason of the allegation in the indictment that the property involved was “the property of James B. Walden” and the evidence that showed that Central Jewelry and Loan Company owned the property, that Walden was the manager of the store of Central Jewelry and Loan Company and that the property was in his custody at the time it was taken.
As to robbery, it is established that “the indictment need only name the person having the immediate special property of the thing which the robber seeks to take.” Riggens v. State, 44 Ala.App. 275, 207 So.2d 141, 142. To the same effect are Burke v. State, 44 Ala.App. 379, 209 So.2d 859 and Bray v. State, 47 Ala.App. 308, 253 So.2d 531.
As to larceny, the question has been dis-positively answered, adversely to appellant, by Presiding Judge Cates in Davenport v. State, 53 Ala.App. 326, 299 So.2d 767, cert. denied 293 Ala. 751, 299 So.2d 771 (1974), as follows:
“The allegation of ownership of property in the name of a bailee or trustee does not affect the sufficiency or validity of the indictment. Fowler v. State, 100 Ala. 96, 14 So. 860, and Viberg v. State, 138 Ala. 100, 35 So. 53.
“From Viberg we quote:
‘The evidence showed that the money stolen was proceeds of cattle which Thomas, in whom the ownership of the money is alleged, had been entrusted to sell for his father. This constituted him a bailee of the money, and the ownership of it was properly laid in him.’
“The Alabama rule is in accord with the majority rule. See generally 50 Am.Jur. 2d, ‘Larceny, § 132, pp. 309-310.
“Larceny is an offense against possession, Kilpatrick v. State, 43 Ala.App. 667, 199 So.2d 682. It might be noted that the element of larceny here in issue regards proof that the property was in a person other than the accused. Possession in a bailee or trustee meets the proof of the element and comports with the averment in the indictment sub judice.”
We have searched the record for error prejudicial to defendant and have found none.
The judgment appealed from should be affirmed.
The foregoing opinion was prepared by Supernumerary Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under Section 2 of Act No. 288 of July 7, 1945, as amended; his opinion is hereby *192 adopted as that of the Court. The judgment below is hereby
AFFIRMED.
TYSON, HARRIS, DeCARLO and BOOKOUT, JJ., concur.