BOWEN, Presiding Judge.
Billy Wayne Taylor was indicted and convicted for the possession of a forged instrument in the second degree in violation of Alabama Code 1975, § 13A-9-6. He was sentenced as a habitual offender to thirty years’ imprisonment. Three issues are raised on appeal.
I
Taylor contends that the trial court abused its discretion when it refused to grant a continuance to allow the defense to secure the presence of an absent and allegedly material and essential witness. We find no error because the alleged testimony of this witness, the defendant’s ex-wife, was fabricated and false.
Defense counsel stated that Ms. Moon would testify that she was with the defendant during the time in question and that she and the defendant did not go to the grocery store where the forged check was cashed.
At the sentencing hearing, the defendant made a statement before sentence was pronounced. He admitted being in the store and claimed that another man “just sidestepped me and dropped the check down” and he took his hand and pushed it across the counter “and that's how my fingerprints got upon it.” The trial judge noticed that this statement conflicted with the defendant’s trial testimony: “Well, of course, what you’ve just told me was different from your account of how this incident occurred that you gave to the jury during the trial.” The defendant replied that “I liked to got beat to death up there [apparently, meaning prison] that last time I was up there and that’s the reason that I didn’t tell it.” '
To find error in this case would be to sanction perjury and fraud. The defendant admitted that he was present in the very store where Ms. Moon would allegedly have testified that he was not present. An accused cannot be permitted to take advantage of his own deceit or the fabrications of his witnesses and maintain that he was denied a fair trial.
II
The State established a proper chain of custody for the forged check, despite the defendant’s argument that “the State should have been required to show that the defendant did not touch the check subsequent to the occurrence of the alleged offense.” Appellant’s Brief, p. 15.
Royer Clarke identified the check and testified that he noticed his checkbook was missing on November 19, 1983. Geraldine Echols testified that on December 9, 1983, the defendant presented the $40 check to her to pay for some merchandise in her store.
At the suppression hearing, Sheriff’s Deputy Charles Richard Franklin testified that he arrested the defendant on December 14th and questioned him about the *1070 check. He showed the check to the defendant but did not allow him to touch it. At that time the check was “enclosed inside this plastic case.” The defendant testified that he had his “hands on the check twice” during his arrest and interrogation.
Before the jury, Deputy Franklin testified that he placed the check inside the plastic case “prior to even the arrest of the defendant” and the check “never left the plastic at the time the defendant was in the vicinity of the check.” He specifically denied that the defendant was “actually allowed to put his hands on the check itself.” He sent the check to the FBI laboratories in Washington and received it back.
At trial, the objection was “improper foundation of where that came from.” The record shows that this objection was properly overruled. In the presence of the conflicting testimony of whether or’ not the defendant touched the check, the admission of the check was within the discretion of the trial court after weighing the credibility of the witnesses.
Ill
The defendant argues that his thirty-year sentence is so excessive as to constitute cruel and unusual punishment. We disagree.
The defendant was sentenced as a habitual offender, Alabama Code 1975, § 13A-5 — 9(c)(1), with four prior felony convictions: false pretense (1975), falsely obtaining a controlled substance (1974), and two forgery convictions (1970).
The judge’s comments at the sentencing hearing explain the sentence:
“[Yjou’ve got four prior felonies, and they’re essentially crimes of the same nature as the one we’re dealing with here, and, as I was saying, I agree with your attorney that $40 is not a great deal of money, and, if this was a first offense and involving a crime in that amount, I’d deal with it a whole lot differently, but, as you know, because of the Alabama Habitual Felony Offender Act, the minimum sentence in your circumstances starts at fifteen years.
“THE DEFENDANT: Yes, sir.
“THE COURT: It does appear from what’s been made available to me that there have been no crimes committed by you for a number of years [9]—
“THE DEFENDANT: Yes, sir.
“THE COURT: —but then again I come back to the fact that the four felonies that are offered against you are essentially the same type of offense, and I just feel I have to deal with the case differently than I would if this were a first time offense.”
For the same reasons expressed by the trial judge, we find that the sentence is not disproportionate and does not constitute cruel and unusual punishment. Even applying the principles of Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 77 L.Ed.2d 637 (1983), which involved a sentence of life without parole, the punishment in this case is not offensive.
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.