McMILLAN, Judge.
The Montgomery County Grand Jury returned an indictment during its February 1983 term, charging appellant, Ulysses Cogburn, with theft of property in the second degree. On June 22, 1984, appellant entered a plea of not guilty and waived arraignment.
On June 26, 1984, appellant was tried by a jury before the Honorable Joseph D. Phelps, Circuit Court Judge for Montgomery County. Appellant moved for judgments of acquittal at the close of the State’s case-in-chief and at the conclusion of all the evidence. Both motions were denied. Appellant was found guilty as charged in the indictment.
Thereafter, the prosecution filed a motion to invoke habitual offender status. In compliance with the Habitual Offender Act, appellant was sentenced to a term of fifteen years’ imprisonment in the state penitentiary. This appeal followed.
A brief review of the facts indicates that appellant entered the K-Mart Department *626 Store on December 13, 1982. While in the store, appellant selected six jackets and a shirt, but exited the store without paying for the items. Mr. Ernest McManaway, a store door guard, testified at appellant’s trial that he saw appellant “wandering aimlessly about the parking lot with some jackets.” (R. 34). Mr. McManaway approached appellant and asked him to go back into the store. Appellant proceeded to the store without any resistance. According to Mr. McManaway and Mr. Scott Pilgreen, a Montgomery police officer who investigated the theft, appellant had obviously consumed alcoholic beverages prior to his detention. This testimony was substantiated by other witnesses.
Appellant’s first contention on appeal is that there was a fatal variance between the allegation in the indictment and the proof elicited at trial regarding the ownership of the stolen property.
The indictment stated that the property was taken from the K-Mart Corporation. More specifically, the indictment read:
“The Grand Jury of said County charge that, before the finding of this indictment, Ulysses Cogburn ... did, knowingly obtain or exert unauthorized control over six jackets ... and one shirt, ... the property of K Mart Coporation [sic], a corporation, taken from or in a building where said property was stored or kept for sale, with the intent to deprive the said owner of the said property, in violation of Section 13A-8-4 of the Code of Alabama, against the peace and dignity of the State of Alabama.” (R. 97).
However, the evidence at appellant’s trial revealed that the items taken from the K-Mart store actually were owned by K-Mart Apparel Fashion Corporation, a subsidiary of K-Mart Corporation.
In the case of Madison v. State, 333 So.2d 190 (Ala.Crim.App.1976), we considered a similar issue. There, the issue raised was as follows:
“Whether there was a variance between the indictment and the evidence, by reason of the allegation in the indictment that the property involved was ‘the property of James B. Walden’ and the evidence that showed that Central Jewelry and Loan Company owned the property, that Walden was the manager of the store of Central Jewelry and Loan Company and that the property was in his custody at the time it was taken.”
In deciding Madison adversely to the appellant, we relied on Davenport v. State, 53 Ala.App. 326, 299 So.2d 767, cert. denied, 293 Ala. 751, 299 So.2d 771 (1974), which held:
“The allegation of ownership of property in the name of a bailee or trustee does not affect the sufficiency or validity of the indictment. Fowler v. State, 100 Ala. 96, 14 So. 860, and Viberg v. State, 138 Ala. 100, 35 So. 53.”
In the case at bar, the charge is theft of property in the second degree, while in Madison and Davenport the crime was that of larceny. However, the new criminal code classifies the offenses of “larceny” and “false pretenses” under the broader application of “theft of property.” The Commentary to sections 13A-8-2 through 13A-8-5 of the Code of Alabama, 1975, reads in part:
“The purpose of § 13A-8-2 [theft of property — definition] is to create a unified theft offense which eradicates the common law distinctions between the crimes of larceny, embezzlement and false pretenses. The Criminal Code takes the view that these property crimes, possessing the same general nature, should not be treated as theoretically different ...”
Therefore, decisions under prior Alabama law regarding larceny are applicable and controlling under the present “theft of property” statutues.
“In a larceny prosecution the ownership of the alleged stolen property is properly laid in the person who is in the rightful possession thereof at the time of the theft.” Gandy v. State, 35 Ala.App. 299, 46 So.2d 247 (1950). It therefore follows that the same logic applies in present day “theft of property” cases.
*627 In sum, it is evident that in the present case, the K-Mart Corporation was a trustee or bailee for the K-Mart Apparel Fashion Corporation. Therefore, the averment by appellant that there was a fatal variance between the indictment and the evidence or proof presented at trial, is without merit. It is undisputed that appellant denied the K-Mart Corporation its rightful possession to goods entrusted to it by the K-Mart Apparel Fashion Corporation. An essential element of theft of property in the second degree — property taken from one in rightful possession without consent — was met. For a general discussion regarding variances between the indictment and the proof, see Hubbard v. State, 471 So.2d 497 (Ala.Crim.App.1984).
Secondly, appellant argues that his sentence, which was set in compliance with the Alabama Habitual Felony Offender Act, constituted cruel and unusual punishment.
As the State correctly points out in its brief to this Court, appellant’s reliance on Solem v. Helm, 463 U.S. 277, 103 S.Ct. 3001, 3008, 77 L.Ed.2d 637 (1983), is misplaced. The defendant in Solem was sentenced to life without parole. That is not the case at bar, where appellant was sentenced to fifteen years’ imprisonment.
Moreover, in Watson v. State, 392 So.2d 1274 (Ala.Crim.App.1980), cert. denied, 392 So.2d 1280 (Ala.1981), this court held that the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, is constitutional. See also Douglas v. State, 406 So.2d 1051 (Ala.Crim.App.), writ denied, Ex parte Douglas, 406 So.2d 1053 (Ala.1981).
At the sentencing hearing, the trial judge considered appellant’s five prior felony convictions, along with the second degree theft of property conviction. The trial judge then sentenced appellant to a minimum of fifteen years’ imprisonment in accordance with the habitual offender statute. While the punishment may appear to be severe for what would otherwise be a case of “shoplifting,” appellant’s previous convictions mandate an enhanced punishment. The United States Supreme Court held in Rummel v. Estelle, 445 U.S. 263, 100 S.Ct. 1133, 63 L.Ed.2d 382 (1980), that the fact that a sentence is severe does not constitute cruel and unusual punishment. See Seritt v. Alabama, 731 F.2d 728 (11th Cir.1984), and Taylor v. State, 462 So.2d 1068 (Ala. Crim.App.1985).
The punishment invoked in this case is within the range established by the Alabama Legislature and not in violation of the Eighth and Fourteenth Amendments of the United States Constitution. Therefore, the sentence is not offensive and should stand.
The judgment of the circuit court is due to be affirmed.
AFFIRMED.
All the Judges concur.