(77 South. 916)

PRUITT v. STATE. (6 Div. 394.)

(Court of Appeals of Alabama. Feb. 12, 1918.)

1. CRIMINAL LAW ⚖═364(3) — RES GESTÆ — DECLARATIONS AFTER SHOOTING.

A question, "What was she saying after she shot?" was proper in a homicide case.

2. CRIMINAL LAW ⚖═1044—APPEAL—MOTION TO EXCLUDE EVIDENCE—NECESSITY.

Where a proper question is asked, an incompetent answer cannot be complained of where no motion was made to exclude it.

3. HOMICIDE ⚖═183 — KILLING HUSBAND — EVIDENCE—CHARACTER OF WOMAN.

In prosecution for murder of husband by wife, objection to question of character of woman with whom defendant found deceased when she shot him was properly sustained, because the mere fact that her husband was in bad company was no excuse for killing him.

4. HOMICIDE ⚖═156(1)—MALICE—EVIDENCE.

That wife after shooting husband followed him and attempted to shoot him again before he died was competent to show malice.

5. CRIMINAL LAW ⚖═364(4)—RES GESTÆ.

That wife after shooting her husband followed him and attempted to shoot him again before he died was part of the res gestæ.

6. HOMICIDE ⚖═169(6)—UNWRITTEN LAW.

In prosecution for killing husband for infidelity, it was immaterial where husband lived when defendant married him three years before.

7. HOMICIDE ⚖═167(6), 169(3) — TREATMENT AND THREATS BY DECEASED HUSBAND.

In prosecution of wife who followed husband some distance from home to the house of another woman and killed him, it was immaterial that deceased had illtreated her during their married life, and at one time had threatened to shoot her.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

Mary Pruitt was indicted for murder, and was convicted of manslaughter in the first degree, and she appeals. Affirmed.

J. B. Aird, of Birmingham, for appellant. F. Loyd Tate, Atty. Gen., and Emmett S. Thigpen, Asst. Atty. Gen., for the State.

SAMFORD, J. The only exceptions reserved on the trial were to the court's rulings on the evidence, and appellant's counsel, while contending that the court erred, furnishes no authority sustaining his argument.

[1, 2] The state, after showing that the defendant went to a home where her husband was, called him out and shot him several times with a pistol, asked the witness, "What was she saying after she shot?" This question was perfectly proper, and if the answer was illegal, the defendant made no motion to exclude it. Miller v. State, ante. p. 3, 74 South. 840.

[3] The defendant's counsel asked the witness the following question: "Ida Lee Brewer was a woman of bad character?" to which objection was sustained. The character of Ida Lee Brewer was not in issue, nor was her character either material or relevant to any issue in the case. The fact that Ida Lee was a bad woman and deceased was in her company would not give the defendant the right to kill him, even though he was her husband.

[4, 5] It was perfectly proper for the state to prove that the defendant followed deceased after the shooting and attempted to again shoot deceased before he died, as tending to prove malice; it also being a part of the res gestæ.

[6] The question as to where deceased lived before his marriage to defendant, which took place three years before the killing, was immaterial, and the court did not err in excluding it.

[7] It being shown that the defendant went to another house, some distance from her home, with a pistol, looking for her husband, the question of how deceased treated defendant during their married life while they were living together was not relevant, nor was it relevant to show that on a former occasion deceased had tried to shoot her.

There is no error in the record, and the judgment is affirmed.

Affirmed.