(90 South. 42) ·

## COUCH v. STATE. (8 Div. 830.)

(Court of Appeals of Alabama. June 7, 1921.
Rehearing Denied June 30, 1921.)

1. **Criminal law** ⬤⟿829(1)—**Enough that requested charge was covered by others given.**

It is enough that a refused requested charge was covered by others given.

2. **Criminal law** ⬤⟿815(4)—**Requested charge held bad in predicating guilt on part of circumstances.**

Requested charge to find defendant not guilty if the evidence proves no more than that defendant and others came to the beer and drank thereof, and defendant then examined the furnace and they all went away, *held* abstract and misleading, in that it singles out some facts or circumstances, and predicates guilt on whether they were proven, excluding consideration of other facts, circumstances, and tendencies of and inferences to be drawn from the testimony.

Appeal from Circuit Court, Marshall County; W. W. Harralson, Judge.

Walter Couch was convicted of violating the prohibition law, and appeals. Affirmed.

Charge 6, refused to the defendant, is as follows:

"If the evidence proves no more than that the defendant and two others came to the beer and drank some of it, and that the defendant then examined the furnace and they all went away, you will find the defendant not guilty."

Street & Bradford, of Guntersville, for appellant.

The question as to the illegality of the grand jury is raised and discussed, but in view of the opinion that discussion is not here set out. Counsel also discuss the evidence, with the insistence that it was not sufficient to convict, but they cite no authority thereto.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

MERRITT, J. The appellant was convicted of a violation of the prohibition law, and sentenced to the penitentiary for a term of not less than one year and three months and not more than two years. The questions raised as to the illegality of the grand jury that found and returned the indictment have been decided adversely to the contention of the appellant in the case of Bob Lang v. State, 206 Ala. 58, 89 South. 166, and ante. p. 88, 89 South. 164.

[1, 2] Refused written charge 6 was substantially covered by given written charge 2 and the court's oral charge. Aside from this, we think the charge is abstract and misleading, in that it singles out some facts or circumstances, and predicates the guilt of the defendant on whether they are proven, excluding a consideration on the part of the jury of other facts, circumstances, tendencies of and inferences to be drawn from the testimony. These are the only questions insisted upon by appellant as being reversible error. We have given consideration to the entire record and find no error therein.

The judgment of conviction is therefore affirmed.

Affirmed.