(90 South. 43)

## CAMPBELL v. STATE. (7 Div. 701.)

(Court of Appeals of Alabama. June 21, 1921.)

1. Names ⚖️16(3)—Identity held for the jury, not being idem sonans.

Where the indictment contained one count, averring that Bob Campbell, alias Bob Cameron, committed the offense charged therein, defendant's sworn plea, in abatement, of misnomer, that he was never called Bob Campbell or Bob Cameron, but that his name is and always has been Bob Cambron, was not demurrable, for the names were not idem sonans as matter of law, so that the state should have taken issue or replied, instead of demurring.

**2. Criminal law ⊕⇒1036(1)—Objection must be raised below.**

The trial court cannot be put in error as to allowing statements in evidence without proper predicate, where no ruling of the trial court was invoked.

**3. Criminal law ⊕⇒419, 420(11) — Evidence held hearsay.**

In a prosecution for violating the prohibition law, testimony as to conversation between witness and one W. as follows: "That Mr. W. knew it was there; that he told him it was there; that he told him to go with him and see who was operating the still; that he did not know whose it was before he went down there; that Mr. W. saw it before"—was inadmissible as hearsay.

**4. Criminal law ⊕⇒531(3) — Testimony held sufficient predicate for admitting confession.**

Sufficient predicate was laid for testimony as to statements in the nature of a confession by accused, where the witness testified: "I made no threats against this defendant, nor did I offer him any reward, neither did any one in my presence threaten him or offer him any reward."

**5. Criminal law ⊕⇒309—No presumption as to character of accused.**

A charge as to presumption of accused's good character was properly refused, for nothing is presumed by law in respect to accused's character, and, in the absence of proof thereon, his character is not taken either as good or bad.

**6. Criminal law ⊕⇒753(2)—Affirmative charge not required where evidence conflicting.**

Where the evidence was in sharp conflict and there was ample evidence to support a conviction, the affirmative charge was properly refused to accused.

**7. Criminal law ⊕⇒829(15)—Requested charge already covered properly refused.**

It was proper to refuse a requested charge that the jury should reconcile conflicting evidence, already substantially covered by the oral charge.

Appeal from Circuit Court, Etowah County; W. J. Martin, Judge.

Bob Campbell, alias Bob Cameron, was indicted and convicted of violating the prohibition law, in that he manufactured prohibited liquor, and he appeals. Reversed and remanded.

The following charges were refused the defendant:

(1) The presumption of good character and the presumption of innocence are both matters of evidence for the consideration of the jury in favor of the defendant, until the jury is satisfied of the guilt of the defendant beyond all reasonable doubt.

(2) The law presumes that the defendant has a good character, and you have a right to look to this fact in determining whether or not the defendant is guilty.

(5) It is. the duty of the jury to reconcile the evidence of the witnesses if there is a conflict in their evidence, and to reconcile such evidence so as to make all the witnesses speak the truth, if possible.

E. O. McCord & Son, of Gadsden, for appellant.

The plea of idem sonans was good. 13 Ala. App. 297, 69 South. 310; 67 South. 1019; 179 Ala. 633, 60 South 925; 62 South. 176; 115 Miss. 708, 76 South. 636. The so-called confessions were improperly admitted. 1 Ala. App. 89, 56 South. 30; 179 Ala. 27, 60 South. 908; 67 South. 720; 3 Ala. App. 24, 58 South. 68. Counsel discuss the refused charges, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

BRICKEN, P. J. [1] The indictment contained one count, averring that Bob Campbell, alias Bob Cameron, committed the offense charged therein. As an answer to the indictment the defendant filed a sworn plea in abatement—a plea of misnomer—in which it was insisted that his name now nor never was Bob Campbell nor Bob Cameron; that he is not now, nor has he ever been, known or called by either of said names, but that his name is now and has always been Bob Cambron, and that he has always been called and known by the name of Bob Cambron. To this plea the state demurred, and as a ground therefor stated "that the name of Bob Cameron and Bob Cambron are idem sonans." This demurrer presented for decision by the court the question whether or not Bob Cameron, by which the defendant was indicted, is idem sonans with Bob Cambron, which the plea avers to be his true name, and by which he has always been called and known. Though this question is strictly one of pronunciation, when raised by demurrer, as here, it may be treated as a question of law. The term "idem sonams" means sounding the same or alike; having the same sound. And is applied to names which are substantially the same, though slightly varied in the spelling.

In the instant case whatever doubt that may have existed in the minds of this court on this question it would seem should necessarily be resolved in favor of the insistence of the defendant that the names are not idem sonans as a matter of law, after a consideration of the following decisions of the Supreme Court of this state, in view of the fact that the decisions of the Supreme Court shall govern the holdings and the decisions of this court. The Supreme Court has held that the name "Moncus" is not idem sonans with "Munkers." Munkers v. State, 87 Ala. 94, 6 South. 357, and has also held that the following names do not come within the rule:

---

"Manison and Manson"; "Sagars and Segars"; "Barnham and Barham"; "Humphreys and Humphrey"; "Mulette and Morlette"; "Donnel and Donald"; "Comeyns and Cummins"; "Shakepear and Shakespeare"; "McCinney and McKinney"; "Levi Noble and Levi Nobles"; "Cobbs and Cobb"; "Chapalear and Chapelas." These several decisions, among others, will be found by analogy of the names respectively considered and held not to be idem sonans, to support our holding to the same effect as to the names here under consideration.

The following excerpt from the court's opinion in the Munkers Case, supra, appears to be specially applicable and in point to the case at bar, where the court said:

"There is a material difference in orthography, and a perceptible difference between Moncus and Munkers (here Cameron and Cambron), when ordinary sound and power are given to the variant letters. They are as different names as some which this court has held not to be idem sonans. If by local usage the names have the same pronunciation, it becomes a question of fact, which must be referred to the jury. The court erred in sustaining the demurrer to the plea. The state should have taken issue, or replied."

[2] State witness W. M. Horton, among other things, testified to statements made in his presence and hearing by the defendant, these statements or declarations being in the nature of an admission or confession. Appellant's counsel insist in brief that the court erred in allowing said statements in evidence for the want of a proper predicate showing such statements to be voluntary. The court cannot be put in error in this connection, as no ruling of the court was invoked, the witness was allowed to testify both on direct and cross-examination about this and other matters without objection; it follows therefore that this insistence cannot be sustained.

[3] State witness Rayburn was permitted, without objection, to testify about a conversation between witness and Whorton as follows:

"That Mr. Whorton knew it was there; that he told him it was there; that he told him to go with him and see who was operating the still; that he did not know whose it was before he went down there; that Mr. Whorton saw it before."

This was clearly inadmissible, being purely hearsay; the defendant not being present at the time of such conversation. But no ruling of the court was invoked; hence error cannot be predicated thereon.

[4] The objections to witness R. B. Whorton being allowed to testify to statements in the nature of a confession made by defendant, on the grounds that no sufficient predicate had been laid, were properly overruled. This witness, in response to questions propounded by the court, stated that his remarks in the nature of offering immunity from prosecution were not addressed to the defendant nor uttered in his presence, but were made to one Arthur Patrick before the defendant arrived. And in response to questions asked him immediately thereafter by the solicitor a proper predicate was laid, he having testified:

"I made no threats against this defendant, nor did I offer him any reward; neither did any one in my presence threaten him or offer him any reward."

If as a matter of fact the confession was made as a result of an offer of immunity from prosecution, and an assurance that if certain things were done there would be no prosecution, the confession made as a result of such an assurance or promise would not have been admissible. But this does not appear by the record, and the court's ruling was without error.

[5] Charge 1 was properly refused. This charge does not state the law, for nothing is presumed by law in respect to the character of the accused, and, in the absence of all proof on the subject, his character is not taken as either good or bad; and the jury are not authorized to assume that it was either one or the other, but must base their verdict solely upon the evidence. In other words, no presumption whatever is indulged as to character of the accused or other person. Gater v. State, 141 Ala. 10, 37 South. 692; Dryman v. State, 102 Ala. 130, 15 South. 433.

Charge 2 of similar import is likewise bad. 4 Mich. Ala. Dig. p. 119, § 183.

[6] The evidence was in sharp conflict; therefore charges 3 and 4 (each the affirmative charge) were properly refused. There was ample evidence offered by the state, if believed by the jury, upon which to predicate a conviction in this case.

[7] Charge 5 was fairly and substantially covered by the oral charge of the court, and was therefore properly refused.

We are not prepared to say that the court erred in overruling defendant's motion for a new trial, though the evidence offered thereon as to the whereabouts of the defendant on the night in question appears to warrant its careful consideration.

For the error pointed out, the judgment of the lower court is reversed, and the cause remanded.

Reversed and remanded.