143 So. 242

## HARRIS v. STATE.

### 8 Div. 463.

Court of Appeals of Alabama.
June 30, 1932.

Thos. E. Knight, Jr., Atty. Gen., for the State.

No briefs came to the hands of the Reporter.

SAMFORD, J.

The defendant was indicted on a charge of a murder in the first degree. On his trial he was convicted of manslaughter in the first degree, and from that judgment he appeals.

The homicide occurred at the home of the defendant and within the curtilage of his dwelling, so that the doctrine of retreat need not be considered.

The difficulty arose over the hauling of some cotton. The deceased was a tenant of defendant, farming on halves. The state claims, and offered evidence tending to prove, that the deceased, Alex Brown, was preparing to haul a load of cotton to the gin. The defendant told him he could not do it. The deceased persisted, and defendant went into the house, got his shotgun, came out, and shot deceased, from which shot he died. Defendant pleaded self-defense and by his testimony gave his version of the killing, which admitted that there was a controversy about hauling the cotton, but said that when he told deceased not to haul the cotton, deceased replied that he would haul it or he would kill defendant or defendant would kill him; that he already had the gun shooting some jay birds; and that when deceased came towards him with a drawn knife he backed into a fence corner, telling deceased not to come on him, and when deceased continued to advance he shot him.

There were many objections and exceptions to evidence, but as we read the record the issues are so simple and the questions raised by the objections are clearly without prejudice to the defendant's cause, as not to require us to pass upon them further than to hold that, where the court was in error, such error was without injury.

Passing now to the charges requested in writing by defendant and refused by the court. The evidence being in conflict, charge 1, which demanded the acquittal of the defendant, was properly refused. Charge 9 does not state the law correctly. The presumption of innocence is an evidentiary fact, which attends the defendant in his trial only until that presumption has been overcome by the evidence beyond a reasonable doubt. After that point is reached the presumption ceases.

Charge 14 is incomplete and is meaningless.

Charges 29, 30, 55, 49, 56, and 59 omit a charge on a freedom from fault in bringing on the difficulty. A landlord has no right to shoot down a tenant to enforce his lien. Moreover, all these charges were fully covered by the court in his oral charge.

Charge B is faulty. In order for the jury to be in position to reject the testimony of a witness, they must believe that he knowingly and willfully testified falsely to a material fact.

Charge C singles out and gives undue emphasis to a part of the testimony.

Charge E does not correctly state the law. Deceased was a tenant of defendant with a lien in favor of the landlord for his rent and advances. Michie's Ala. Code, 8807.

Charges F and G are held to be bad for the reason that they fix the title to the cotton in controversy in defendant, when, under the law just above cited, the title to the cotton was in Alex Brown, with a lien in favor of defendant for rent and advances.

Charges F and G are not held to be properly refused because the same had been presented to the trial judge after the close of the court's oral charge. We tried in Jackson v. State, 24 Ala. App. 601, 139 So. 576, to make clear this court's position on that point and in that case cited a decision of the Supreme Court sustaining our view. If refused charges F and G had stated correct propositions of law, this judgment would have been reversed. The statute fixes the time at which written charges must be moved for and trial judges may not change it. These charges, however, do not state the law correctly, and for that reason the trial judge will not be held in error for refusing them.

We find no error in the record, and the judgment is affirmed.

Affirmed.