## NEWMAN v. STATE.

### 4 Div. 983.

Court of Appeals of Alabama.
June 30, 1933.

Rehearing Denied Sept. 12, 1933.

T. M. Patterson, of Clayton, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The deceased was the wife of Caesar Palmer, who was a tenant of defendant living' on his farm, in Barbour county. The deceased, her husband, and Pearla Palmer, mother of Caesar, were all living in the house together, and were cultivating a farm for defendant. On the morning of June 7, 1932, defendant went· to the house of deceased and demanded that the three go to

work in the farm. Caesar, his wife and mother all being present, refused to go to work unless defendant would furnish them with something to eat, they telling defendant that the only food they had was one bushel of meal. Defendant said: "You are going to work, or else." In this conversation the deceased spoke and said: "Yes sir, we haven't got a thing in the world only that meal" and defendant replied to her: "Hush, I'll see you later." At this time the sun was about one hour high. At that time defendant told Caesar to move, but not to move anything out of the house. Later in the day defendant again saw Caesar as he was coming across defendant's field. Caesar ran, and defendant ran after him with a pistol. Caesar outran defendant and got away.

The evidence for the state further tended to prove that defendant was drinking, and that later in the day, about 4 p. m., defendant again went to the tenant's house and forced the two women to start to the field for the purpose of hoeing some peanuts, and on the way deceased resisted, defendant struck deceased with a stick, and then shot her with the pistol and dropped her in a ditch on the side of the railroad track, where she was found by the sheriff. The evidence for the state further tends to prove that defendant was in and around the house where deceased and her family lived all that day, from the time he first came in the morning until the killing in the afternoon. The evidence on the part of defendant tended to prove a case of self-defense.

■ In a prosecution for homicide, evidence of connected acts and transactions leading up to and explanatory of the killing is admissible. These acts and circumstances need not necessarily be a part of the res gestæ, in the sense that they become a part of the crime itself, but they are admissible where they throw any light upon the actions, animus, or intent of the defendant, and in this case the mental attitude of defendant at the time of the fatal difficulty as bearing on the question of freedom from fault and required by defendant's plea of self-defense becomes very pertinent. Way v. State, 155 Ala. 52, 46 So. 273.

■■ We do not depart from the well-established rule obtaining in this state that details of a former difficulty may not be given in evidence on the trial of a homicide case, but here this killing was the culmination of a series of acts and circumstances beginning in the morning with defendant and Caesar and ending in the afternoon with the killing of Caesar's wife. Everything said and done, while not strictly speaking a part of the res gestæ, tends to explain and relates to the killing. Lawson v. State, 155 Ala. 44, 46 So. 259.

The rulings of the court on the admission of evidence were free from prejudicial error.

■ Refused charge 2 was held to be bad in Robinson v. State, 18 Ala. App. 612, 93 So. 262. It is still a bad charge, and in addition to the reasons assigned in the Robinson Case, this charge does not confine the consideration to the evidence, and it also ignores the doctrine of retreat.

■ Refused charge 4 was held to be good and its refusal error in Gilbert v. State, 20 Ala. App. 565, 104 So. 45, and in Chaney v. State, 178 Ala. 44, 59 So. 604, 606. This holding was based upon the facts in those cases and in which there was no question as to who was the aggressor. In the Chaney Case, supra, it is expressly pointed out that: "He [Chaney] had the right to go into his place of business without being at fault in this respect, and he was under no legal duty to retreat therefrom, and the charges did not have to hypothesize the duty to retreat or freedom from fault." As was pointed out in McCarty v. State, 22 Ala. App. 62, 112 So. 184, sometimes this charge is properly given and sometimes properly refused, depending on the facts in the particular case. This is a case where it is properly refused. Gaston v. State, 161 Ala. 37, 49 So. 876; Griffin v. State, 165 Ala. 29, 50 So. 962; Cox v. State, 19 Ala. App. 206, 96 So. 83.

There is no reversible error in the record. Let the judgment be affirmed.

Affirmed.