155 So. 891

## HOPKINS v. STATE.
### 8 Div. 966.

Court of Appeals of Alabama.
June 27, 1934.

BRICKEN, Presiding Judge.

The indictment charged this appellant with the offense of murder in the first degree, specifically, that "he unlawfully and with malice aforethought killed Boyce Colbert by shooting him with a pistol," etc.

Pending the trial no exceptions were reserved to any ruling of the court. The only point of decision here presented is the action of the court in refusing several written charges requested by defendant.

The killing of the deceased named in the indictment by this appellant is admitted. It is also without dispute that he killed him by shooting with a pistol by firing two shots into his body. The defendant relied upon self-defense as a justification, and there was evidence to sustain this insistence. The evidence offered by the state tended to make out a case of murder. The ill will of defendant toward the deceased manifested by evidence of previous threats to kill him was sufficient, if believed by the jury beyond a reasonable doubt, to justify the jury in finding that the killing was malicious. All these ques-

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

tions under the evidence were for the jury to determine; hence the general affirmative charge had no place in this case.

Requested charges Nos. 1 and 9 were properly refused as not being predicated upon the fact that the accused acted as a reasonable man. They also omit to hypothesize the accused's freedom from fault in bringing on the difficulty. Pelham v. State, 24 Ala. App. 330, 134 So. 888, certiorari denied 223 Ala. 155, 134 So. 890.

Requested charge No. 2 was properly refused as being based on a reasonable supposition. Ward v. State, 21 Ala. App. 551, 109 So. 897; Prince v. State, 215 Ala. 276, 110 So. 407.

Refusal to give requested charges Nos. 11 and 27 was not error, as the substance of the said charges was covered in the court's oral charge defining the various degrees of homicide.

Requested charge No. 15 was properly refused as being predicated upon the reasonable doubt of an individual juror. Brasher v. State, 21 Ala. App. 255, 107 So. 230; Hudson v. State, 217 Ala. 479, 116 So. 800.

Requested charge No. 17 was properly refused as not being predicated upon the accused's acting as a reasonable man. It also is not confined to the evidence. Newman v. State, 25 Ala. App. 526, 149 So. 724.

Requested charge No. 25 was properly refused as being misleading. Said charge was approved in Chaney v. State, 178 Ala. 44, 59 So. 604; but see Harris v. State, 25 Ala. App. 215, 143 So. 242. Nevertheless, the substance of same was clearly covered in the court's oral charge and requested charges given.

Requested charge No. 28 was properly refused as being confusing, misleading, and argumentative. Moreover, said charge is not predicated upon the duty to retreat and is not based on the evidence. Newman v. State, 25 Ala. App. 526, 149 So. 724.

Furthermore, the substance of the various requested charges was fairly and substantially covered in the court's oral charge and charges given at the request of the defendant. Section 9509, Code of Alabama, 1923.

There being no error in any ruling of the court of a reversible nature, and the record proper being regular and without error, the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.