159 So. 699

## SMALLWOOD v. STATE.
### 8 Div. 87.

Court of Appeals of Alabama.
Feb. 26, 1935.

C. P. Almon, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

RICE, Justice.

The exceptions reserved on the taking of testimony and discussed in the brief filed here on behalf of appellant cannot avail for either of two reasons.

In the first place, it is very clear to us that the rulings complained of worked no injury—in the face of his own admissions—to appellant's rights.

But if this were not so, and in the second place, "evidence of connected acts leading up to and explanatory of killing, throwing light on action, animus, or intent of accused, is admissible, though not res gestæ." See Newman v. State, 25 Ala. App. 526, 149 So. 724.

The portion of the oral charge of the court to which exception was reserved, when taken and considered in connection with the entire charge of the court—as it must be—is not subject to criticism.

Appellant appears to have had, in every way, a fair trial. The question of his guilt vel non was purely one of fact—under the testimony—and it was left, properly, to the jury for decision.

There seems no occasion to discuss the evidence; nor to outline it. The case presents merely another instance of whisky taking its toll of human life—and liberty. Appellant and deceased were closely related by blood; there was no motive—merely a drunken fight—ending in tragedy.

The judgment of conviction is affirmed.

Affirmed.