180 So. 729

**SEXTON v. STATE.**

**4 Div. 382.**

Court of Appeals of Alabama.

Dec. 14, 1937.

Rehearing Denied Jan. 11, 1938.

W. H. Stoddard, of Luverne, for appellant.

A. A. Carmichael, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

The defendant, with two others, was indicted jointly for the murder of Manley Sexton. There was a severance, and this defendant, alone, was put on trial in this case. There was verdict and judgment finding the defendant guilty of murder in the second degree.

The defendant, by way of plea in abatement, claimed that his name was not Levon Sexton, as set out in the indictment, but was Lavaughn Sexton, and that he had never been known as or called Levon. The solicitor filed a demurrer to this plea, among other grounds, setting up that the two words, Levon and Lavaughn, are idem sonans. This demurrer was sustained, and this ruling of the court is insisted upon as error.

■ By sustaining the demurrer to the plea, the court assumes, as a matter of law, that the two names are idem sonans. While it may be a fact that the defendant was called by either the one or the other name in the community in which he lived, it can hardly be held that Levon and Lavaughn are one and the same name; pronounced alike, though spelled differently. In the case of Munkers v. State, 87 Ala. 94, 6 So. 357, 358, the Supreme Court, in holding that Moncus and Munkers were not idem sonans, as a matter of law, had this to say: "There is a material difference in orthography, and a perceptible difference between 'Moncus' and 'Munkers,' when ordinary sound and power are given to the variant letters. They are as different names as some which this court has held not to be idem sonans. * * * If by local usage the names have the same pronounciation, it becomes a question of fact, which must be referred, to the jury. The court erred in sustaining the demurrer to the plea. The state should have taken issue or replied."

So, in this case, the first syllable in Levon might be pronounced with a long "e," or a short "e"; the second syllable could have but one pronunciation. The "La" in Lavaughn could never be pronounced "Le," and "Vaughn" would not naturally be pronounced as "Von."

This court in Campbell v. State, 18 Ala. App. 219, 90 So. 43, was at some pains to point out cases in which the Supreme Court had held names not to be idem sonans as a matter of law, to wit: Muncus and Munkers; Manison and Manson; Sagars and Segars; Barnham and Barham; Humphrey and Humphreys; Mulette and Morlette; Donnel and Donald; Comeyns and Cummins; Shakepear and Shakespeare; McCinney and McKinney; Levi Noble and Levi Nobles; Cobbs and Cobb; Chapalear and Chapelas.

The foregoing is taken from decisions of the Supreme Court, and by analogy have been followed by this court in Campbell v. State, 18 Ala.App. 219, 99 So. 43; Clements v. State, 19 Ala.App. 640, 99 So. 832, 833; and Kingery v. State, 26 Ala. App. 283, 158 So. 768.

In the Clements Case, supra, it was pointed out that the spelling of the two names was entirely different, and it was added: "Of course, if by local usage, the names have been given the same sound, or pronunciation, this could have been shown, had the state taken issue upon the plea as a question of fact would have been presented. But by demurring to the plea the state admitted the facts stated in the plea, but contended that as a matter of law the plea did not call for the relief sought thereby. In other words, the demurrer raised an issue, not of fact, but of law."

Other cases of similar import might be cited both from the Court of Appeals and from the Supreme Court, but the foregoing seems to us to be sufficient.

■ The appellant insists that on the trial the State was permitted to prove the details of a prior difficulty, and that these several rulings of the court constituted reversible error. It is the general rule in the trial of a murder case, that the facts of a previous difficulty between deceased and defendant may be shown, but the particulars or merits of such difficulty are not admissible. Stover v. State, 25 Ala.App. 222, 143 So. 239; Newman v. State, 25 Ala.App. 526, 149 So. 724. However, this rule does not apply in a case such as the one at bar, where the facts testified to consist of connected actions and transactions leading up to and explanatory of the killing. These actions and circumstances need not necessarily be a part of the res gestæ, in the sense that they become a part of the crime itself, but they are admissible where they throw any light on actions, animus, or intent of the defendant, or his mental attitude at the time of the fatal difficulty, and his participations therein as being an accessory. This court announced that rule in the case of Newman v. State, 25 Ala.App. 526, 149 So. 724, citing as authority Way v. State, 155 Ala. 52, 46 So. 273, and since that time it has been reaffirmed in Roberts v. State, 25 Ala.App. 477, 149 So. 356.

■ This evidence was also admissible on the question as to whether or not the defendant, though not the principal, was

in fact an accessory to the homicide. Elmore v. State, 110 Ala. 63, 20 So. 323.

After carefully considering various rulings of the court on the admissibility of this testimony, we find no error.

The other objections and exceptions set out in the record have been examined, and in them we find no reversible error, but for the error in sustaining the State's demurrer to the plea of misnomer.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

RICE, J., dissents.