47 So.2d 182

**ALBERSON v. STATE.**

4 Div. 542.

Supreme Court of Alabama.

May 11, 1950.

Rehearing Denied June 30, 1950.

88

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

J. A. Huey, of Enterprise, for appellant.

LIVINGSTON, Justice.

The appellant was indicted, tried and convicted for the offense of murder in the first degree and his punishment fixed at death by electrocution. Under the provisions of the automatic appeal statute, Title 15, section 382(1), et seq., Code of 1940 (Pocket Part), his cause is here for review.

The appellant killed Early Stokes about 6:20 in the evening of October 31, 1948, by shooting him with a shotgun. The evidence for the State tended to prove that on the morning of October 31, 1948, the day Stokes was killed, the appellant was in the store of ·C. L. McIntosh in Enterprise, Coffee ·County, Alabama, and made a statement to the effect that Early Stokes "would be the next man to die in the ·bottom": that on the same day, at· about 4:00 P.M., appellant was again at or near the store of McIntosh and that the deceased, Stokes, among others was also present: that appellant appeared to be drinking; that he called Stokes a vile name, and that Stokes pushed the appellant away and told him to go on up the street, and that appellant went away; that appellant returned about 6:20 P.M.: that Stokes was standing on the sidewalk in the vicinity of the McIntosh store talking to Allen Lindsey: that Stokes and Lindsey had their hands on a sign post, and were facing each other. Stokes was standing on the sidewalk and Lindsey just off the curb; that appellant came down the sidewalk with a single barrel shotgun, and that when he got within fifteen or twenty feet of Stokes called to him, "look out, I am going to kill you," and immediately fired one shot killing Stokes. Lindsey took the gun from appellant as he was apparently try-ing to reload it. Appellant then went across the street and disappeared between two houses.

The evidence for the appellant tended to show that he was on a peaceful mission when he encountered Stokes, at the time Stokes was killed; that he was on his way to the bus station to go to Florida squirrel hunting. That when he saw Stokes about four o'clock in the afternoon of October 31st, Stokes cursed him and threatened to cut his throat; that he shot Stokes after Stokes had taken a step toward him and made a motion with his right hand towards his pocket.

■ Appellant's defense was apparently threefold: (1) Self-defense, (2) sudden rencounter, and (3) drunkenness to the extent that he was incapable of forming the specific intent essential to a malicious killing, and, if proved, the first theory would constitute a complete defense; the second would reduce the crime to manslaughter in the first degree, and the third would reduce the offense to either murder in the second degree or manslaughter in the first degree. These questions were all submitted to the jury who decided them adversely to the appellant. Unquestionably the State's evidence was sufficient, if believed, to support the verdict.

In brief on appeal counsel for appellant, who did not represent him in the court below, argue for a reversal because of four alleged errors. We will discuss them in the order in which they are presented in brief.

First, it is insisted that the trial court erred in permitting the State to introduce evidence of the particulars or details of the difficulty between appellant and the deceased some two hours and twenty minutes prior to the killing.

■ Under a prosecution for murder the State may introduce evidence of a prior difficulty between the defendant and the deceased, but the details or particulars of such difficulty cannot be shown. Gray v. State, 63 Ala. 66; Watts v. State, 177 Ala. 24, 59 So. 270; Sanders v. State, 242 Ala. 532, 7 So.2d 483.

■ The State's witness C. L. McIntosh testified that the appellant, Lloyd James Bynum, Joe Ray Hudson and Early Stokes, the deceased, were "between my store and the next building there" about four o'clock in the afternoon Stokes was killed. Upon further examination McIntosh testified:

"Q. Did Henry Alberson, there in your presence, and in the presence of these other men you named, make any statement? A. He called Early a yellow-bellied son-of-a-bitch.

"Q. What else? A. For a man to call the law to have him locked up in his own yard.

"Mr. Rowe: We object to that.

"The Court: Overruled.

"Mr. Rowe: We except.

"Q. What did Early say or do, if anything? A. He pushed him away.

"Q. Did he say anything to him? A. He told him to go on up the street and shut up that cursing.

"Q. And you say that was about what time? A. About four o'clock.

"Q. Now did Henry appear to be drinking on that occasion? A. Yes sir."

The foregoing is not violative of the rule invoked by the appellant. In the case of Gray v. State, 63 Ala. 66, the State was allowed to prove that defendant was "concerned in an assault on him with a knife, whereby he was severely cut in the neck, a short time before the assault charged in the indictment,"—such not being a statement of the "details or particulars" of that difficulty. And in McAnally v. State, 74 Ala. 9, 17, it was said: "The fact of such difficulty, and its gravity, or the contrary" may be shown. "When such evidence is offered by the State showing the conduct of defendant on the former occasion, it is to illustrate his acts at the time of the fatal difficulty." Sanders v. State, 242 Ala. 532, 7 So.2d 483, 484. In Watts v. State, 177 Ala. 24, 59 So. 270, the State was allowed to show that on the day before the killing deceased attacked defendant with a pair of scissors and made a threat. In Sexton v. State, 28 Ala.App. 59, 180 So.

729, certiorari denied by this Court in 236 Ala. 20, 180 So. 731, it was held that the rule excluding details of a prior difficulty did not apply, "where the facts testified to consist of connected actions and transactions leading up to and explanatory of the killing. These actions and circumstances need not necessarily be a part of the res gestae, in the sense that they become a part of the crime itself, but they are admissible where they throw any light on actions, animus, or intent of the defendant, or his mental attitude at the time of the fatal difficulty, and his participations therein as being an accessory. This court announced that rule in the case of Newman v. State, 25 Ala.App. 526, 149 So. 724, citing as authority Way v. State, 155 Ala. 52, 46 So. 273, and since that time it has been reaffirmed in Roberts v. State, 25 Ala.App. 477, 149 So. 356." The court did not err in admitting the testimony concerning the former difficulty. See, also, the following cases: Stallings v. State, 249 Ala. 580, 32 So.2d 236; Sexton v. State, 239 Ala. 287, 196 So. 744; Sweeney v. State, 25 Ala.App. 220, 143 So. 586; certiorari denied, 225 Ala. 381, 143 So. 588.

■ Appellant next insists that the trial court erred in permitting the State to show that after the deceased was shot, appellant tried to unbreach the gun, and that witness Lindsey took the gun away from appellant, and that as appellant was going across the street he passed the wife of deceased who was "holloing," and she asked "did he shoot Early" (the deceased), and appellant replied "yes, somebody shot him."

These matters were clearly a part of the res gestae of the homicide, though they occurred after the actual shooting. See the following authorities: Ferguson v. State, 141 Ala. 20, 37 So. 488; Grissett v. State, 241 Ala. 343, 2 So.2d 399; Eaton v. State, 8 Ala.App. 136, 63 So. 41; Pruitt v. State, 16 Ala.App. 322, 77 So. 916; Jones v. State, 181 Ala. 63, 61 So. 434.

■ Appellant's third insistence for reversal is based upon the sustaining of the State's objection to appellant's offer to prove by defendant's witness Mose Owen that on the afternoon Stokes was killed,

"about an hour by the sun," appellant had some conversation with the witness "about going hunting." The relevancy of the proffered testimony is not made to appear. For aught appearing appellant did not have a gun at the time, and for aught appearing a part of the conversation could have been referable to a past hunting trip, and a part of the conversation could have been referable to some hunting in the distant future.

The trial court sustained the State's objection to the following questions propounded to appellant's wife:

"Q. Now did your husband talk to you about having his teeth pulled, and hunting some?

"Q. Had he told you during that day, or at any time, that he was going to Florida?"

The relevancy of this evidence is not made to appear. No time is given as to when the appellant was to hunt, nor when he was going to Florida. Where relevancy is not apparent in the question itself, the trial court will not be put in error unless relevancy is made to appear. 18 Ala. Digest, Trial, ☞46(2).

Fourth. Appellant insists that the trial court committed reversible error in permitting the jury to be carried to lunch by the sheriff or a deputy who were witnesses in the trial of his case. The answer to this argument is, the record fails to disclose who carried the jury to lunch. As to whether the sheriff, who was a witness in the case, or a deputy sheriff, who was also a witness, carried the jury to lunch, is a matter of conjecture insofar as the record discloses.

Section 382(10), Title 15, Code (Pocket Part), provides: "In all cases of automatic appeals the appellate court may consider, at its discretion, any testimony that was seriously prejudicial to the rights of the appellant, and may reverse thereon even though no lawful objection or exception was made thereto. The appellate court shall consider all of the testimony, and if upon such consideration is of opinion the verdict is so decidedly contrary to the great weight of the evidence as to be wrong and unjust and that upon that ground a new trial should be had, the court shall enter an order of reversal of the judgment and grant a new trial, though no motion to that effect was presented in the court below." See, Ball v. State, 252 Ala. 686, 42 So.2d 626.

The record discloses the following:

"By Mr. Paul:

"Q. Mr. Tillman (the sheriff of Coffee County), on the day after Mr. Stokes was killed do you recall having a conversation at the jail, in my presence, with Mr. Alberson? A. Yes sir.

"Q. Did he there say to you, in substance, that he killed Mr. Stokes because he wanted to, that there had been no trouble between them, that he just shot him, and that he wasn't drunk; that he was lying down over there on the road when the boys picked him up because he wanted to hide, he didn't want them to see him? A. He did."

No objection was interposed to the foregoing testimony. But it is argued that under the provisions of section 382(10), supra, this Court should reverse and remand the case because the testimony amounts to the introduction of a confession without first laying a predicate therefor.

It is of course elementary that before a confession can be introduced in evidence it must be shown that it was voluntarily made. When this testimony was introduced two witnesses had already sworn to confessions by the appellant in almost the identical language of the question propounded to witness Tillman. Moreover, the defendant had testified to and admitted the killing of Stokes, but had denied that he had made the statements to Tillman, and testified to by Tillman in rebuttal. The testimony of Tillman may be justified on the theory that it was offered for impeaching purposes only in rebuttal. Laws v. State, 209 Ala. 174, 95 So. 819; Smith v. State, 137 Ala. 22, 34 So. 396; Brown v. State, 243 Ala. 529, 10 So.2d 855, and cases cited.

Under the provisions of the automatic appeal statute, supra, this Court may, at its discretion, consider any testimony that was seriously prejudicial to the rights of appellant, and may reverse thereon, though no lawful objection or exception was made thereto. We are not compelled to do so. After a careful consideration of all the evidence in the case, we do not feel justified in reversing this case in the absence of an objection or exception.

We have carefully examined the record and the evidence in the light of the provisions of the automatic appeal statute, and find no error to reverse.

Affirmed.

FOSTER, LAWSON, SIMPSON and STAKELY, JJ., concur.

GARDNER, C. J., and BROWN, J., not sitting.