66 So.2d 191

**PATTERSON v. STATE.**

**4 Div. 226.**

Court of Appeals of Alabama.

April 7, 1953.

Rehearing Denied April 28, 1953.

C. L. Rowe, Elba, for appellant.

Si Garrett, Atty. Gen., for the State.

162

CARR, Presiding Judge.

On an indictment charging murder in the first degree, the indictee was convicted of the lesser offense of murder in the second degree.

■ At the inception of the trial proceedings the solicitor questioned the sheriff concerning the reasons for the absence of several of the jurors. This inquiry established that seven of the jurors who were summoned resided out of the county; one lived out of the state; one was dead; two were in the armed forces; and one resided in the Enterprise Division of the Circuit Court of Coffee County.

On the basis of these disclosures appellant's attorney objected to being required to strike from the list containing the remaining fifty-six names.

There is no merit in this position. Title 30, §§ 65, 67, Code 1940; Ledbetter v. State, 34 Ala.App. 35, 36 So.2d 564; Nolen v. State, 35 Ala.App. 249, 45 So.2d 786; Bridges v. State, 225 Ala. 81, 142 So. 56.

■ Without dispute in the evidence the accused killed Walter Cole by shooting him with a shotgun.

The evidence for the prosecution amply supported the verdict of the jury. The controverted factual issues revolved around the question of justification or legal excuse by reason of self-defense, which the defendant claimed.

It appears that the appellant and the deceased had a difficulty the night before the homicide.

Counsel for appellant asked a witness if, just prior to the fatal shooting, the defendant did not show evidence of having been wounded and if he was complaining.

Up to this time in the trial proceedings, no evidence had been introduced relating to the prior difficulty. The indicated questions, to which the court sustained objections, did not refer necessarily to injuries which were inflicted by the deceased.

■ It is the duty of counsel to make it known to the trial judge that the evidence he seeks to introduce is material, if the form of the questions does not indicate materiality. Alberson v. State, 254 Ala. 87, 47 So.2d 182; Stallings v. State, 249 Ala. 580, 32 So.2d 236; Spelce v. State, 20 Ala.App. 412, 103 So. 694.

■ Since the defendant claimed self-defense, it would have been competent to show his physical condition at the time of the homicide. However, when the evidence was tendered, the matter of self-defense had not appeared in the proof.

Whether or not the evidence of concern could have been made admissible we do not decide. The effect of our holding is that in the state of the record no reversible error can be predicated.

■ Counsel for appellant attempted to prove that, prior to the fatal difficulty, the deceased made a threat against the defendant. At this time in the trial proceedings there was no evidence that the accused was acting in self-defense. The court followed the holdings of the authorities in sustaining the State's objections to this inquiry. Patterson v. State, 21 Ala.App. 464, 109 So. 375; Mills v. State, 21 Ala.App. 46, 104 So. 889.

Brief of appellant's attorney is devoted almost entirely to the insistence that the trial judge should have submitted the lesser offense of manslaughter in the first degree to the jury.

We see no reason to decide the merits of this position. The record does not disclose that the question is properly presented for our review.

At the conclusion of the court's oral charge this appears:

"The Court: Anything for the defendant?

"Mr. Rowe: Yes sir, we want to note an exception to Your Honor's failure to charge as to manslaughter in the first degree. We also except to Your Honor's charge to the jury that: If after full consideration of the evidence it is your opinion that defendant

is guilty of murder in the first degree, it is your duty to return a verdict of murder in the first degree, and to fix his penalty at death, or imprisonment in the penitentiary for life;

"Also, the charge: If after full consideration of the evidence in the case it is your opinion that the defendant is guilty of murder in the second degree, you should return a verdict of guilty of murder in the second degree, and fix his punishment at any number of years in the penitentiary, not less than ten."

■ There are numerous authorities which hold that a reviewable question is not presented by an exception to the court's omission or failure to charge on a legal proposition. A party's remedy under such circumstances is to request a written instruction. Davis v. State, 246 Ala. 101, 19 So.2d 358; Long v. State, 24 Ala.App. 571, 139 So. 113.

As we have indicated herein above the defendant was not due the general affirmative charge.

■ Written charges numbered 1, 4, and 5, refused to the appellant, are each subject to several vices. They are involved, misleading, and invasive of the province of the jury. They place too much emphasis on one phase of the evidence and give undue prominence to stated facts. Watts v. State, 8 Ala.App. 264, 63 So. 18; Allison v. State, 1 Ala.App. 206, 55 So. 453; Goodwin v. State, 1 Ala.App. 136, 56 So. 29; Couch v. State, 18 Ala.App. 236, 90 So. 42; Milner v. State, 24 Ala.App. 350, 135 So. 599.

■ It may be noted also that the proper hypothesis for a requested charge in a criminal case is rested on belief from the evidence. Bush v. State, 211 Ala. 1, 100 So. 312; Wesson v. State, 251 Ala. 33, 36 So.2d 361.

We find no reversible error in the record.

The judgment below is ordered affirmed.

Affirmed.

## On Rehearing

■ In brief on application for rehearing appellant's attorney complains because we did not set out the evidence in detail in our original opinion.

Appellant did not file a motion for a new trial. Unquestionably the defendant was not due the general affirmative charge. In this state of the record we did not see how a delineation of the evidence could serve any useful purpose. We still entertain that view.

We think our conclusion with reference to the attempt to show a prior threat was sound. However, we could have disposed of the matter by the application of Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

After some evidence of self-defense was introduced, the witness was recalled and he then gave an account of the threat. Berry v. Dannelly, 226 Ala. 151, 145 So. 663; Birmingham Bottling Co. v. Morris, 193 Ala. 627, 69 So. 85.

It is urged that we were in error in holding that counsel did not properly present for review the failure of the trial judge to instruct the jury on the lesser offense of manslaughter in the first degree.

In our original opinion we set out the exceptions as they appeared in the record. It will be noted that counsel interposed three specific and separate exceptions.

The contention is made that we did not follow the holding in Reeves v. State, 186 Ala. 14, 65 So. 160. In this case the court observed that the exception was addressed to the failure of the court to submit a blank form for the lesser degree of homicide.

We have examined the original record in the Reeves case. It discloses that the attorney for the defendant called the court's attention to the fact that he was not submitting to the jury a form of verdict for manslaughter. Upon the court's refusal to do so, exceptions were reserved to this action.

In the instant case we do not have a comparable situation.

The cases of Jackson v. State, 226 Ala. 72, 145 So. 656, and Williams v. State, 32 Ala.App. 597, 28 So.2d 731, are not in point.

The application for rehearing is overruled.

Application overruled.