TYSON, Judge.
James Robert Reeves was indicted for the murder of Melvin Price in violation of § 13A-6-2, Code of Alabama. The jury-found the appellant guilty of criminally negligent homicide and the trial judge sentenced him to “twelve months’ imprisonment in the county jail.”
We pretermit a statement of facts in this case since they are not relevant to our discussion of the sole issue raised by the appellant on this appeal.
I
During the trial of this cause, the appellant attempted to call Ernest Trehern as a witness. Trehern was present at the scene of the shooting and the record reveals he had been indicted on charges stemming from the shooting in question.
Outside the presence of the jury, the following occurred:
“MR. HANLEY: Your Honor, for the record, my name is Neal Hanley, and I represent the witness, Ernest Trehern, who has been indicted for an attempted murder involving this same fact situation, I have advised my client not to testify — to invoke his privilege under the Fifth Amendment of the United States Constitution, as I think any answers— any testimony — concerning the evening of this occurrence will tend to incriminate him.
“THE COURT: Your name is Ernest Trehern?
“Mr. Trehern (previously sworn and seated at witness stand): Yes, sir.
“THE COURT: Mr. Hanley is your attorney?
“MR. TREHERN: Yes, sir.
“THE COURT: He’s discussed with you the facts in this ease?
“MR. TREHERN: Yeah.
“THE COURT: He discussed with you your Constitutional rights and immunity both under the Constitution of the State of Alabama and of the United States?
“MR. TREHERN: Yes, sir.
“THE COURT: And he has advised you that under the Constitution both of the United States and of the State of Alabama that you would not be required to testify in this case unless you want to do so?
“MR. TREHERN: Yes, sir.
“THE COURT: Now, my question is to you: Do you want to follow the advice of your attorney?
“MR. TREHERN: Yes, sir.
“THE COURT: And do you now claim the immunities granted to you under the Fifth Amendment to the United States Constitution of refusing to testify as a witness for Mr. Reeves in this case? “MR. TREHERN: Yes, sir.
“THE COURT: Well, Mr. Marsal, I will have to advise you that the Court grants this man the right not to testify.
“MR. MARSAL: All right, sir. In order that my record be protected under the ruling of the Court, I will proceed at this point to elicit from this witness certain questions—
“THE COURT: I’ve already elicited all the information we’re going to elicit. He’s told me that he claims his rights and immunities under the Constitution. I say that he has a right to do it, and I’m going to excuse him as a witness.
“MR. MARSAL: All right, sir. Let me have my record, please, sir.
“THE COURT: I'll give you an exception. I think that’ll protect you. You’ve called him as a witness. You say you want to use him, and I’m sustaining his attorney’s objection and his request — the witness’ request not to testify.
“MR. MARSAL: All right, sir.
“THE COURT: That’s all we’re going to have in the record.” (R. 250-252)
[[Image here]]
“THE COURT: Right. And I don’t want this mentioned to the jury. They’ve got nothing to do with it, This is the Court’s ruling. You’re fully protected if I’m wrong.
“MR. MARSAL: Yes, sir. I need to go further. I move that the Court permit *176 me in the presence of the jury to interrogate this witness and that I be able to ask these questions—
“THE COURT: Don’t talk too loud, now. The jury is back there.
“MR. MARSAL: —be able to ask the questions that I feel are material to the defense of James Reeves, the defendant on trial today; and at that point, if the defendant might wish to invoke the Fifth Amendment, it’s going to be — He has to make that — He has to take that privilege in front of the jury, and the Court has got to rule as to whether that question would tend to incriminate him.
“THE COURT: And I deny that motion.
“MR. MARSAL: You deny the right to put—
“THE COURT: Deny putting this man before that jury and asking him anything. I’m not going to call him to testify as a witness over his objection and his attorney’s objection.
“MR. MARSAL: Judge, let’s consider—
“THE COURT: Mr. Marsal, now, listen. My mind is made up. This is going to be my ruling, and there’s no need of going any further with it.
“MR. MARSAL: All right, sir.
“THE COURT: I think the Supreme Court of Alabama has ruled on that point. I thought that was the law this morning. I just hadn’t had it in a good while, and I didn’t want to rule until I saw some law.
“MR. MARSAL: I take issue with the Court as to that being the law. Then I, at this time — since the Court is holding this hearing outside the presence of the jury — I will put evidence before the Court that this man’s testimony is material to the defense of Jim Reeves.
“THE COURT: I’m not going to waste time taking that. I’ll take your word that you think it’s material, and I don’t think that affects a man’s right to claim his Constitutional immunities under the law — the Constitution of the United States and of Alabama.
“MR. MARSAL: All right, sir. I want the record to show that it’s not my practice to try a case for the record. It’s my practice to try the case for the benefit of my client, and I represent to the Court I have a legal right to interrogate this man before the jury and let him invoke the Fifth Amendment so the jury can be completely mindful of why he is not testifying.
“THE COURT: I’ll give you an exception. I deny that motion, though.
“MR. MARSAL: You deny me the right to put on evidence as to his testimony being material?
“THE COURT: Yes, sir.
“MR. MARSAL: We except.” (R. 254-256).
It is generally understood to be the rule that a witness, other than the defendant himself, cannot refuse to take the stand and testify by “taking the Fifth.” A witness may only invoke his Fifth Amendment privilege against self-incrimination after he has been sworn and asked a question which would elicit incriminating evidence if answered by such witness. See McElroy’s Alabama Evidence, § 374.02 (3d ed. 1977). See also Morris v. McClellan, 154 Ala. 639, 45 So. 641 (1908); Ridge v. State, 206 Ala. 349, 89 So. 742 (1921); Gwin v. State, 425 So.2d 500 (Ala.Crim.App.1982); Pennington v. State, 420 So.2d 845 (Ala.Crim.App. 1982).
As can be seen from the above-quoted portion of the record, Trehern’s request not to testify was granted by the trial judge even though Trehern had not been asked a single question. Defense counsel clearly excepted to the trial judge’s ruling and informed the trial judge that Trehern’s testimony would be relevant. However, defense counsel did not set out the questions he intended to ask Trehern.
In Gwin v. State, 425 So.2d 500 (Ala. Crim.App.1982), cert. quashed, 425 So.2d 510, we find the following statement of the rule here controlling:
“Error cannot be predicated upon the trial court’s refusal to compel the witness to testify unless the defendant made an offer of proof showing that the *177 testimony he expected to elicit from the witness would not have been incriminating. Compare Murphy v. State, 108 Ala. 10, 18 So. 557 (1895); Patterson v. State, 37 Ala.App. 161, 66 So.2d 191, cert. denied, 259 Ala. 152, 66 So.2d 194 (1953). Since the witness only could have been required to answer any question which did not tend to incriminate him, but not others, the defendant should have made an offer of proof. To put the trial court in error in declining to allow a question to be answered, it must have been suggested what it was proposed to prove, and how it would be relevant and competent, unless the question in itself gave such information. Woods v. State, 18 Ala.App. 123, 90 So. 52 (1921); United States v. Wells, 525 F.2d 974 (5th Cir. 1974). An exclusion cannot be reviewed in the absence of an offer of proof. Moore v. State, 16 Ala.App. 503, 79 So. 201 (1918).”
Since defense counsel made no offer of proof, this issue is not properly preserved for our review. We cannot predicate error on a matter where, as here, no offer of such required proof is made.
Therefore, this cause is due to be, and is, hereby affirmed.
AFFIRMED.
All the Judges concur except BOWEN, P.J., who dissents with opinion.